I1QVESPC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                          18 CR 14 (VM)

VINCENT ESPOSITO,
STEVEN ARENA,
FRANK GIOVINCO,
FRANK COGNETTA,
VINCENT D'ACUNTO, JR.,

         Defendants.           CONFERENCE

------------------------------x

                                New York, N.Y.
                                January 26, 2018
                                11:30 a.m.

Before:

              HON. VICTOR MARRERO,

                             District Judge

                 APPEARANCES

GEOFFREY S. BERMAN,
    Interim United States Attorney for the
    Southern District of New York
JARED P. LENOW
KIMBERLY J. RAVENER
JASON M. SWERGOLD
    Assistant United States Attorneys

ELIZABETH E. MACEDONIO
FLORA EDWARDS
    Attorneys for Defendant Esposito

SALVATORE E. STRAZZULLO
    Attorney for Defendant Arena


I1QVESPC

APPEARANCES (continued)


RICHARD A. LIBRETT
     Attorney for Defendant Giovinco

JOSEPH R. COROZZO
     Attorney for Defendant Cognetta

MICHAEL HANDWERKER
     Attorney for Defendant D'Acunto

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

            THE COURT:  This is a proceeding in the matter of
United States v. Esposito and others; it's docket number.
18 CR 0014.
            Counsel, please enter your appearances for the record.
            MS. RAVENER:  Good morning, your Honor.
            Kimberly Ravener, Jason Swergold, and Jared Lenow for
the government.
            MS. MACEDONIO:  Good morning, your Honor.
            Elizabeth Macedonio and Flora Edwards for
Mr. Esposito.
            MR. LIBRETT:  Good morning, Judge.
            Richard A. Librett for defendant Frank Giovinco.
            MR. STRAZZULLO:  Good morning, your Honor.
            Sal Strazzullo on behalf of Mr. Arena.
            MR. COROZZO:  Good morning, your Honor.
            On behalf of Mr. Cognetta, Joseph Corozzo.
            MR. HANDWERKER:  Good morning, your Honor.
            On behalf of Mr. D'Acunto, Jr., Michael Handwerker.
            THE COURT:  The Court notes the presence of the
defendants in the matter.
            This is the defendants' first appearance before this
Court following their arraignment on the underlying indictment.
            Ms. Ravener, would you bring the Court up to date on
the government's discovery obligations and any scheduling
matters or other questions that the government may have for the

1  Court.

2          MS. RAVENER: Certainly, your Honor.

3          The government has been in contact with all defense
4  counsel regarding the preparations to prepare -- excuse me, to
5  produce discovery. The discovery in this case is going to be
6  voluminous; we've asked for one terabyte drives from defense
7  coin so that we can adequately make our productions to them.

8          We've also asked for the entry of a protective order,
9  which, as of our conversations immediately prior to the
10 conference, we've confirmed defense counsel would consent to.
11 I have a copy of a proposed protective order for the Court's
12 consideration which we can hand up today. We would wait for
13 the entry of the protective order before making production of
14 fulsome discovery.

15         We have made some limited discovery productions to
16 Mr. Esposito's counsel in advance of his bail application.

17         THE COURT: Has the protective order been approved by
18 all the counsel?

19         MS. RAVENER: Yes, your Honor.

20         THE COURT: You may hand it up.

21         MS. RAVENER: Thank you.

22         THE COURT: Ms. Ravener, under the circumstances, what
23 is the government's best estimate of the date by which
24 discovery will have been completed?

25         MS. RAVENER: Your Honor, I believe that the bulk of

5
I1QVESPC

the discovery will be with the defendants within the next two weeks. The exception to that is that in connection with the takedown of this case, we searched two premises, a union office and Mr. Esposito's home. Substantial records and electronic devices were seized from those searches. In particular, the electronic devices have not yet been thoroughly searched. So it will take us some time to complete those searches, and we will make productions on a rolling basis as soon as we receive the results.

THE COURT: Thank you.

Any of the defendants through counsel wish to add anything to what the government has said?

Hearing no request for any further statements, Ms. Ravener, what is the government's contemplation with regards to a follow-up conference?

MS. RAVENER: Based on consulting with defense counsel and their estimates of how much time they would like in order to review the discovery, your Honor, we understand that they would like to set up the next date in about mid May. The government has no objection to that.

MS. MACEDONIO: Your Honor, I've consulted with your courtroom deputy and my co-counsel. We understand that May 18th at 11 o'clock is a convenient time for the Court.

THE COURT: Ms. Ravener, is there a government motion on that schedule?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1                MS. RAVENER:  Yes, your Honor.
2                The government would move to exclude time under the
3     Speedy Trial Act in order to allow the parties to produce and
4     review discovery and prepare for the possibility of any
5     discussions relating to a disposition in this case.
6                THE COURT:  All right.  Thank you.
7                On the government's motion to exclude adjourned time
8     from speedy trial calculations -- any objections from any
9     defendant?
10               MS. MACEDONIO:  No, your Honor.
11               MR. STRAZZULLO:  No your Honor.
12               MR. LIBRETT:  No, your Honor.
13               MR. COROZZO:  No, your Honor.
14               THE COURT:  Hearing none, the motion is granted.
15               I find that the reasons conveyed to the Court warrant
16    this exclusion of time, as it is intended to ensure the
17    effectiveness of counsel and prevent any miscarriage of
18    justice.
19               The Court is satisfied that the ends of justice served
20    by the granting of this continuance outweigh the best interests
21    of the public and the defendants in a speedy trial.
22               This order of exclusion of time is entered pursuant to
23    the provisions of the Speedy Trial Act, Title 18, U.S.C.,
24    Sections 3161(h)(7)(B)(ii) and (iv).
25               Anything else from the government?

1           MS. RAVENER:  No, your Honor.
2           THE COURT:  Anything from defense?
3           MR. HANDWERKER:  Judge, I have something.
4           Michael Handwerker on behalf of Vincent D'Acunto, Jr.
5           We spoke with the government.  They are consenting to
6  an enlargement of my client's bail limitations to include the
7  District of New Jersey.
8           THE COURT:  Ms. Ravener.
9           MS. RAVENER:  Yes, your Honor. We understand that the
10 basis for that is in order to allow him to attend medical
11 appointments, and so we have no objection.
12          MR. HANDWERKER:  Yes, Judge.  His cardiologist is
13 there, I have an office there, he has extended family in New
14 Jersey.
15          THE COURT:  The Court will approve the request for
16 extension of the bail conditions to encompass the District of
17 New Jersey.
18
19          MR. HANDWERKER:  Thank you, Judge.
20          THE COURT:  If there is nothing else, I thank you.
21          Have a good day and a good weekend.
22                          *    *    *
23
24
25