LAW OFFICES OF
# JEFFREY LICHTMAN
11 EAST 44™ STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
PAUL TOWNSEND

PH: (212) 581-1001
FX: (212) 581-4999

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/13/18
```

April 12, 2018

**BY TELEFAX: (212) 805-6382**
Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Esposito, et al.</u>, 18 CR 14 (VM) (S.D.N.Y.)

Dear Judge Marrero:

      I am writing on behalf of defendant Vincent Esposito and in response to the Court's March 26, 2018 directive that counsel for the defendant and the government submit proposed amendments to the protective order regarding the handling of confidential materials in this case. While the government has acknowledged that the defendant should be able to possess and review Title III audio discs at his home and use a laptop to facilitate such review, they have objected to his being permitted to possess some 54 hours of consensual audio and video recordings made by cooperating witnesses, as well as the affidavits supporting the government's Title III applications. For the reasons set forth below, including the voluminous nature of these materials and the government's failure to articulate a basis for their seemingly incongruous positions on confidential Title III and consensual recordings, we respectfully submit that Mr. Esposito should be permitted to possess and review *all* of the discovery in this case at his home – where the government presumably already knows who will be entering and exiting based on his conditions of release and where he is not permitted to use a cellular telephone or non-approved computing device. We believe this arrangement to be the only way that Mr. Esposito could possibly be prepared for a September 2018 trial in this case.

      Specifically, on January 26, 2018, Your Honor signed a protective order governing the discovery which, *inter alia*, prohibited the review or possession of confidential materials "by the defendants outside the presence of their counsel." January 26, 2018 Protective Order ("Protective Order") at ¶ 2(c). Approximately one month later, on February 28, 2018, the government made its initial production of Rule 16 discovery, which included over 54 hours of audio and video recordings made by cooperating witnesses, 74 hours of tape recorded telephone calls and approximately 95,539 pages of text messages and other wiretap related materials. One month later, the government produced additional discovery consisting of more than 77,000 pages

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
April 12, 2018
Page 2

of bank and other records, as well as voluminous emails from the defendants. Then, during the March 23, 2018 conference in this case, the government agreed that certain confidential discovery materials, including the Title III wiretap recordings, could be possessed by Mr. Esposito at his home upon release, but not the 54 hours of recordings made by the cooperating witnesses. See March 23, 2018 Transcript at T 15.

While counsel has been, and will continue to work diligently in order to prepare for a September trial, requiring Mr. Esposito to sit at my office to review some 54 hours of non-transcribed, difficult to hear consensual recordings of individuals he allegedly already knows – which in practice could take hundreds of hours to comprehend and digest – serves no legitimate purpose and only hinders his ability to fully review the voluminous discovery before trial. Indeed, if Mr. Esposito were able to digest the confidential recordings at issue in only 250 hours, he would need to be at my office for 2.25 hours *every weekday until the start of trial* just to review this portion of the discovery. And when counsel is on trial – such as at present – the defendant will be unable to review this portion of the government's evidence against him.

Further, when pressed at the March 23, 2018 conference in this case, the government could not provide a single reason why the consensual recordings should be treated any differently than the Title III recorded telephone conversations which they agreed to allow the defendant to possess and review at his home. See T 15-17. There have been no allegations that Mr. Esposito has obstructed justice or otherwise demonstrated that he should not be trusted to keep these materials at his home and they presumably involve cooperating witnesses whose identities are already known. What is more, Mr. Esposito's conditions of release leave him without a cellphone or other internet connected computing device to send these materials to others, and provides the government with full knowledge as to who is inside of his home at all times, either via the pre-approved visitor log or the 24 hour surveillance camera.

For these reasons, it is respectfully requested that Mr. Esposito be permitted full access to the discovery at his home. Thank you for your attention to this matter; I remain available for a conference should Your Honor deem it necessary.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant Vincent Esposito.

SO ORDERED.

4-13-18
DATE    VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Jeffrey Lichtman

cc: Jared Lenow, Esq.
    Kimberly Ravener, Esq.
    Jason Swergold, Esq.
    Assistant United States Attorneys (by email)