LAW OFFICES OF

# JEFFREY LICHTMAN

11 EAST 44ᵀᴴ STREET

SUITE 501

NEW YORK, NEW YORK 10017

www.jeffreylichtman.com

JEFFREY LICHTMAN

JEFFREY EINHORN

JASON GOLDMAN

PH: (212) 581-1001

FX: (212) 581-4999

July 12, 2019

**FILED UNDER SEAL[1] &**
**VIA FEDERAL EXPRESS**
Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Esposito, et al., 18 CR 14 (VM) (S.D.N.Y.)

Dear Judge Marrero:

## A.    INTRODUCTION

Vincent Esposito, 51 and a first offender, comes before this Court for sentencing upon his guilty plea to a single RICO conspiracy count. 18 U.S.C. § 1962(d). The plea agreement and presentence report ("PSR") calculate an advisory guideline range of 24-30 months' imprisonment, based on an offense level of 17 in Criminal History Category I. Ultimately, though, the PSR recommends a non-Guidelines sentence of 18 months. 18 U.S.C. § 3553(a). For a bevy of legal and factual reasons – buttressed by the personal attributes, family and community ties, and charitable and civic deeds outlined herein – the recommended sentence or a lower one is "sufficient, but not greater than necessary" to serve the goals of punishment. Id.

## B.    THE DEFENDANT'S GUILTY PLEA
## AND RESULTING GUIDELINES RANGE

On April 10, 2019, Mr. Esposito pleaded guilty pursuant to a plea agreement to Count One of a ten count Indictment which charged him with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). See April 3, 2019 Plea Agreement ("Plea Agreement") at p. 1. Mr. Esposito faces no statutory minimum and a maximum term of 20 years imprisonment. Id.

---

[1] Because we reference material covered by the May 31, 2018 Protective Order and as this letter contains private medical information concerning both the defendant and others, we respectfully request that it be filed under seal.

**JEFFREY LICHTMAN**

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 2

As recounted in the PSR, the base offense level for a racketeering conspiracy involving extortion is 18, and with two levels added because the "loss demanded" was more than $95,000, but less than $500,000, the adjusted offense level is 20. PSR at ¶¶ 50-55; U.S.S.G. § 2B3.2. With three levels subtracted for acceptance of responsibility (§ 3E1.1), the total offense level is 17, carrying an advisory sentencing range in the Criminal History Category I of 24 to 30 months imprisonment. PSR at ¶ 98.

## C.   THE DEFENDANT'S BACKGROUND AND THE NATURE OF THE OFFENSE – APPLICATION OF § 3553(a) FACTORS

Since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines have been rendered advisory in nature, leaving sentences to the district court's discretion, guided by the Guidelines and the other factors contained within 18 U.S.C. § 3553(a) and bounded by any applicable statutory minimum and maximum. This Section directs sentencing courts to "impose a sentence" that is "sufficient, but not greater than necessary, to comply with" the "need for the sentence ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant ...." 18 U.S.C. §3553(a)(1)-(2) (emphasis supplied). In making this determination, courts are to consider "the nature and circumstances of the offense and the history and characteristics of the defendant ...." 18 U.S.C. § 3553(a)(1). With these aims in mind, we ask the Court to consider the following arguments.

**First**, Esposito accepts absolute and unconditional responsibility for the conduct underlying his offense of conviction. And as his guilty plea attests, he is full of regret and remorse over its commission. Even more so for the pain, shame and humiliation he's wrought on his "extremely close" and "supportive" family – his two cherished sisters and their revered 85-year-old mother. PSR at ¶ 74 (internal quotation marks omitted). Esposito knows he has only himself to blame for his current predicament – and for forcing those he loves most to endure it along with him. And he'll bear those crosses and rue his grievous mistakes the rest of his life.

**Second**, while the offense conduct is undeniably serious, it's equally undeniable that the government vastly oversold the case throughout Esposito's lengthy and contentious bail proceedings. Cf. PSR at p. 25-26 (Sentencing Recommendation) (though "Esposito's actions are very serious," it "does not appear" that he "specifically ordered or carried out any violent acts against the victim in this case"). In seeking Esposito's detention as an intractable flight risk, prosecutors told the Court he faced formidable evidence, a potential "five [to] six year" sentence, and even a possible superseding indictment on gun charges mandating another consecutive five-year term, for total exposure "in the 10-plus year range." Second Circuit Bail Appeal

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 3

Appendix at pp. 87-88. But the threatened superseder never came. And Esposito's pretrial
motions – mooted by his intervening plea and thus never answered – unmasked a remarkably
sloppy investigation that produced a case riddled with holes. ECF No. 138 (3/12/19). In the
event, moreover, the government agreed to accept a plea carrying an advisory guideline range of
just 24-30 months – a fraction of what it told the Court the case was worth.

The result of the government' s embellishment in this garden-variety RICO prosecution,
distinguished only by the defendant's patrimony? Esposito has spent the last 16 months locked
up at home, under round-the-clock watch by privately funded, gun toting guards, and subject to a
spate of other oppressive and debilitating restrictions – mentally, emotionally, physically and
financially. The harshness, expense and effects of these extraordinary and extravagant restraints
– which the government led the Court to impose and Esposito has flawlessly heeded – should
mitigate the penalty he receives today. As the Probation Department affirms, Esposito has "kept
all court appearances" and "compli[ed] with all terms and conditions of his pretrial release. He is
not viewed as a flight risk or a danger to the community." PSR at p. 32 (Sentencing
Recommendation) (emphasis supplied).

**Third**, speaking of expense, it bears emphasis that Esposito has agreed to forfeit nearly
$4 million as part of his plea. That hefty financial sanction – substantial by any measure – also
calls for leniency in weighing an appropriate prison term. It should likewise serve to mitigate the
sentence's custodial component.





JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 4





JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 5



    **Sixth**, and finally, proportionality and uniformity concerns argue strongly for leniency. 18 U.S.C. § 3553(a)(6). To that end, codefendant Frank Cognetta, whose union misconduct was rampant, brazen and fantastically lucrative, faces advisory guidelines of 33-41 months under his plea agreement. And for his part, codefendant Vincent D'Acunto, knee-deep in shaking down cooperating witness Vincent Fyfe, faces a 12-18-month advisory range under his pact. Meanwhile, the deal for codefendant Steven Arena – described by the government in open court as a serial extortionist who threatened people's lives – calls for just a year-and-a-day. 1/10/18 Tr. 20-24.

    Against that backdrop, a guideline sentence for Esposito would be markedly disproportionate, creating unwarranted disparity and punishing him chiefly for the accident of his patrimony.

    For all these reasons, bolstered by the personal history and characteristics we now survey, principles of law, equity and justice counsel the recommended sentence of 18 months or lower.

### The History and Characteristics of the Defendant

    We have attached over 40 character letters in support of this submission, reflecting the significant and meaningful role that Mr. Esposito has played in lives of friends, family members and even strangers. It would be impossible to include a letter from every individual whom the defendant has positively influenced, and equally daunting to comment on each.[2] Still, the myriad letters on which we remark paint a consistent picture of a "[k]ind, smart and generous man," (May 9, 2019 Letter of Dr. Joseph Lattinelli, attached as Exhibit 2) who is "unfailingly ... considerate," (May 7, 2019 Letter of Cynthia Graham, attached as Exhibit 3) and a "loved and valued member of the community." May 3, 2019 Letter of Angela Pizzino, attached as Exhibit 4;

---

[2] Additional character letters are collected and attached to the end of this submission as Exhibit 39.

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 6

see also May 10, 219 Letter of William Golden, attached as Exhibit 5 ("A friend that I can count
on to help me through tough times").

Further, the submitted letters describe Mr. Esposito as the primary caregiver for his
elderly and infirmed mother (see May 11, 2019 Letter of Nicole Gary, attached as Exhibit 6) and
whose "main focus, every day ... [is] about taking care of his family." May 10, 2019 Letter of
Christopher Dillon, D.D.S., attached as Exhibit 7); see also May 6, 2019 Letter of Donald Dugan,
attached as Exhibit 8 ("one of the best sons I've ever seen"). Sadly, were it not for this
sentencing, many of Mr. Esposito's exceptionally good deeds probably would have gone
unrecognized.

A Family Man Above All Else

Nearly every individual who submitted a letter on behalf of Mr. Esposito commented on
his extraordinarily "close" relationship with the other members of his immediate family. See,
e.g., May 6, 2019 Letter of Chris Dragotta, attached as Exhibit 9; Ltr. of Donald Dugan, Ex. 8 ("a
wonderful brother and son .... That is where he really shines"). Indeed, friends describe the
defendant "and his immediate family, mother and sisters [as] hav[ing] a very unique relationship
. . [and as a] very close[,] loving group." April 30, 2019 Letter of Michael Acciardi, attached as
Exhibit 10; see also May 22, 2019 Letter of Oscar Cragwell, attached as Exhibit 11 ("the bond
that exists between and among the Esposito family is one that is typified by love, caring and
support"); Ltr. of Christopher Dillon, D.D.S., Ex. 7 ("love and dedication to his family are
second to none").

To begin, the defendant's sister, Carmella, describes the special relationship that they
share and provides examples of his support in helping her overcome her own personal struggles:

> Sisters and brothers are the truest forms of love, family, and
> friendship. My brother is my best friend. He has always been the
> person I turned to in times of trouble. Months before our
> grandfather passed away, I was enrolled in a new middle school.
> My classmates did not welcome me to the school and I was an
> outcast. Upper classmen bullied me because I didn't fit in. They
> made fun of the way I dressed, that I was overweight and that I
> spoke with lisp. I didn't want to worry my parents with this
> situation, as they were dealing with the loss of our grandfather
> while our grandmother was showing increasing signs of
> Alzheimer's Disease; so I confided in my brother, Vincent.
> Though he was only a teenager, he made an appointment with

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 7

> the headmaster to bring the situation to his attention. School
> administration addressed this uncomfortable situation and I
> completed the next two years of education there instead of
> changing schools.

June 24, 2019 Letter of Carmella Esposito, attached as Exhibit 12 (emphasis supplied); see also Ltr. of Nicole Gary, Ex. 6 ("Vincent is truly devoted to his family. I have never met anyone who is so attentive to their mother and sisters. His family comes first"). Mr. Esposito's older sister, Lucia, echos Carmella's sentiment, informing that "[h]e has put his family before himself on countless occasions," and "does his best to shield [them] from anything upsetting." June 10, 2019 Letter of Lucia Esposito, attached as Exhibit 13.

As Carmella Esposito details in her letter, her brother's dedication to her has continued throughout the years:

> Eleven years ago I fell and broke my kneecap. I was morbidly
> obese and recovery was extremely difficult. My first challenge was
> to heal from surgery but more importantly I needed to lose +150
> lbs. Through Vincent's encouragement, research ensuring I
> became a patient of superior medical professionals, and exercising
> with me, I have since been able to shed the weight. Though I am
> responsible for doing the work, obesity is a disease which must be
> managed with care. Vincent joined a gym with me, so that I would
> have someone to exercise with. He would take classes with me,
> and be the only male, just to make me feel more comfortable; he
> would partner with me in class so that I was not the last one chosen
> in duet tasks. He suggested we walk in Central Park around the
> Great Lawn or the Reservoir for additional exercise. At the
> beginning, even 1 lap around the Great Lawn was difficult; in time,
> I completed the full loop in Central Park, approximately 6 miles, at
> a rapid pace. I do not know of any other male/female siblings who
> have been as supportive as Vincent has been to me. He saved my
> life.

Ltr. of Carmella Esposito, Ex. 12 (emphasis supplied); see also May 8, 2019 Letter of Elaine Golemis, attached as Exhibit 14 ("Family is the most important thing to him").

Friend Michael Dentato worked at the GAP clothing store with Carmella Esposito in New York City in the 1990's and recalls for the Court another instance when the defendant's dedication to his sister was readily apparent:

## JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 8

> [O]ur store was robbed at gunpoint one evening. Unfortunately,
> Carmella was the manager on duty. After this incident, in order to
> protect his sister and make her feel safe, Vincent stepped in to pick
> her up from late night shifts for quite some time thereafter. He
> displayed much empathy and concern for all the staff members
> impacted by the robbery. He also accompanied her on all
> overnight burglar alarm calls, to shield her from any harm.

May 9, 2019 Letter of Michael Dentato, PhD, MSW, attached as Exhibit 15. Ricardo Gomes offers similar praise for the defendant, noting that "[h]is love and concern for his sisters ... was always present for everyone to see." May 13, 2019 Letter of Ricardo Gomes, attached as Exhibit 16; see also Letter of Karen McDermott, attached as Exhibit 17 ("Family is very important to him").

Others have similarly observed that Mr. Esposito has "devoted his life to his family." Letter of Kate Ottenberg, attached as Exhibit 18. As longtime friend Kate Ottenberg describes:

> His mother and sisters are his world. He would drop anything to
> take his mom to an appointment, run an errand for one of his
> sisters or take everyone to a Broadway musical – which may not
> have been his thing – but he never complained! Sometimes, when
> out to dinner, he'd sheepishly order something light because it was
> his second dinner. He'd never turn down his mother's cooking, but
> more importantly, he would never miss an opportunity to show his
> gratitude and love for her.

Id. (emphasis supplied).

Additionally, many friends and family members who submitted letters recalled Mr. Esposito's commitment to his elderly grandparents. For example, Marco Maccioni recounted in his letter the defendant's efforts to help his grandmother while he was enrolled at NYU:

> Throughout college, on our extended breaks between classes,
> Vincent would ask me to join him in checking on his grandmother,
> who lived in Little Italy. She was in the beginning stages of
> Alzheimer's disease and he had a true concern for her well-being.
> Vincent made sure to pick up groceries for her so she would have a
> well-stocked kitchen as she loved to cook and he didn't want her to
> carry heavy bags up three flights of stairs. The patience, care and

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 9

> attention that Vincent showed towards his grandmother was truly
> impressive.

May 13, 2019 Letter of Marco Maccioni, attached as Exhibit 19 (emphasis supplied).  Similarly,
Carmel Pizzino observed that

> [f]rom a very young age, Vincent would help his grandparents at
> their family grocery store.  When Vincent's grandfather developed
> severe emphysema, I recall it being a chore for him to walk around
> the block without stopping to catch his breath.  When he finally
> made it home, I remember young Vincent running down the stairs
> to carry his grandfather's heavy winter coat and hat up the three
> flights of stairs in order to make it easier on his grandfather.  That's
> the Vincent I know.
>
> In his adult years, Vincent cared for and monitored his
> grandmother, who was diagnosed with Alzheimer's disease.  On
> quite a few occasions, his grandmother went missing.  Vincent did
> not return home until he found his grandmother and made sure she
> was safe.

May 3, 2019 Letter of Carmel Pizzino, attached as Exhibit 20.

The defendant's mother, Olympia Esposito, confirms the above accounts, adding: "when
my mother became too ill for home care and needed nursing care, all of us would take turns to
see her each day even though she did not recognize us."  June 25, 2019 Letter Olympia Esposito,
attached as Exhibit 21.  And concerning the defendant's care of his grandfather, she extols:

> When my dad became to ill to spend time in [his] store, it was
> Vincent who helped care for him at home.  He would shave him,
> keep his nails trimmed, help him in and out of bed and keep him
> company.  I was proud to see my son being such a caring person to
> my father who instilled in him to care for others before himself.
> Vincent learned well.

Id. (emphasis supplied).

Further, regarding his care of other family members, Michael Acciardi writes of the
support that Mr. Esposito has provided to a cousin who suffers from severe medical issues:

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 10

> Our cousin, Marie, has very serious ailments. ... She barely speaks.
> She suffered a very bad stroke and never fully recovered. Vincent
> does the best he can to help her since she lives by herself. He has
> driven her to appointments, communicated with her doctors and
> simply just checks in on her. He is the only male relative that
> attends to her.

Ltr. of Michael Acciardi, Ex. 10 (emphasis supplied).

Primary Caregiver to his Elderly Mother

Many of the those who submitted letters on behalf of Mr. Esposito also applauded his
extraordinary dedication to his elderly mother – and his taking on the job of primary caregiver
when her health began to deteriorate. See, e.g., id. ("cancer survivor. ... suffers from various
debilitating conditions. ... He is an extremely devout son [and] tends to his mother's needs"); Ltr.
of Michael Dentato, Ex. 15 ("manages her daily health care, medications and basic needs").

To begin, Olympia Esposito describes her son's role as her principal caregiver with
regard to the ailments that she has suffered, leaving her hospitalized on multiple occasions:

> Throughout my bout with lung cancer, he was with me constantly.
> He slept in my hospital room every night. With my knee
> replacement surgery, he helped me with therapy and until this
> writing, he sees to it that I do my exercises daily. He has an innate
> sense of how to take care of me when ill; he always seems to know
> how to take care of me and when I should be using my breathing
> machines.

> Vincent has always been our "go to" when it comes to anything
> medical. I have a physician who calls him "Dr. Vincent" because
> he always makes the right decisions for me. The past 18 months,
> due to his restrictions, he was not able to attend doctor
> appointments with me. Vincent, still needing to have input and be
> involved in my treatments, he thought of the next best way to
> participate; he asked to be placed on speaker phone to hear the
> course of action, medication and how my conditions have
> progressed; all of my doctors welcomed this ....

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 11

Ltr. of Olympia Esposito, Ex. 21 (emphasis supplied); see also May 8, 2019 Letter of Kimberly
Babecki, attached as Exhibit 22 ("extreme care and concern ... when his mother was hospitalized
with lung cancer").

    Carmella Esposito praises that her brother was "determined to have [their] mom be a
cancer survivor," and that it was "with his resolve, that [she] believe[s] [their] 84 year old mother
endured." Ltr. of Carmella Esposito, Ex. 12. Lucia Esposito touts that she has "never known
another adult child who has the level of affection and care that he showed towards [their] aging
mother." Ltr. of Lucia Esposito, Ex. 13.

    In her letter to the Court, Carol Cassarini characterizes the "level of regard and care that
[Mr. Esposito] shows his mother" as "supreme," specifically recalling:

> His mother, a lung cancer survivor, battled a horrible ordeal with
> surgery and chemotherapy. I witnessed Vincent's persistent fight
> to bring his mother back to health. He would sleep in the hospital
> with her, encourage ger to walk around the hospital floor as
> prescribed by the doctors and ensure that she was as comfortable as
> possible. His level of attentiveness was on par with the trained
> medical staff at Memorial Sloane Kettering.

May 8, 2019 Letter of Carol Cassarini, attached as Exhibit 23 (emphasis supplied); see also Ltr.
of Oscar Cragwell, Ex. 11 ("buoyed her spirit throughout her battle with lung cancer and
continues to do so now ...."). Karen McDermott echoes that she has "very much admired his
dedication to [his mother] over the years," adding that "his mother's lung disease treatment
stand[s] out as a time where Vincent made caring for her his #1 priority," and that "he slept in the
hospital the entire time she was there ...." Ltr. of Karen McDermott, Ex. 17.

    Angela Pizzino endorses that Mr. Esposito's mother "very much relies upon [him] for
support," and adds that he is frequently "speaking with doctors on her behalf, managing her
required medications and caring for her." Ltr. of Angela Pizzino, Ex. 4; see also Ltr. of Dr.
Joseph Lattinelli, Ex. 2 ("Vincent is an integral part of his family unit and is needed at this time
to help care for his elderly mother"). Carmel Pizzino confirms this report, adding: "I have seen
for myself how much Olympia relies on her son, and I know she will endure hardship during any
time he is away from her." Ltr. of Carmel Pizzino, Ex. 20.

    Frank Tetti, a 91 year old civil litigator and friend of the defendant's mother, also made
similar observations in his letter to the Court:

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 12

> His concern and attention to his mother is well known and
> honorable. She is well in[to] her 80's but her physical condition is
> extremely fragile and one requiring constant trips for medical
> check-ups, tests and procedures. Her social life, almost non-
> existent due to her health, is also fully dependant on Vincent.
> Although the task has fallen on him to be his mother's full-time aid
> and companion, he has assumed that responsibility with no
> outward sign of annoyance or anger and without any lessening of
> the close personal relationship he has with his two sisters.

May 3, 2019 Letter of Frank Teti, Esq., attached as Exhibit 24 (emphasis supplied); see also
April 10, 2019 Letter of Annette Osher, M.D., attached as Exhibit 25 ("a most loving [and] loyal
son").

### A Dependable and Revered Friend

In addition to family members, friends have universally hailed the support and guidance
that they have received from Mr. Esposito, who is seemingly available for any favor or task, large
or small. See, e.g., May 10, 2019 Letter of Deirdre Chiaramonte, D.V.M., attached as Exhibit 26
("in all the years I have spent in Vincent's good company, there was never a time where he was
nothing but a wonderful human being to me and anyone else we encountered"); see also Ltr. of
Marco Maccioni, Ex. 19 ("when my father suffered illnesses in recent years, [he] offered to
accompany me late at night to the hospital. I could always count on a phone call from him to see
how I was holding up as he knows how important family is to me").

For example, when Carol Cassarini's husband was on his "deathbed," Mr. Esposito
"came to [their] home, chauffeured [them] to and from the hospital and kept [their] sprits up."
Ltr. of Carol Cassarini, Ex. 23. Further, as Ms. Cassarini observes in her letter to the Court, Mr.
Esposito has "always been a beacon of consistency and reason," especially with regard to
"helping [her son] through life's difficult moments." Id. Specifically, as Ms. Cassarini recalls:

> When my son was dismissed from his job at Lehman Brothers, due
> to bankruptcy; he was distraught. Vincent was the person he
> looked to for support and Vincent rose to the challenge and
> assisted my son in keeping his life from falling apart. Though they
> never worked for the same company, their shared interest in
> finance and real estate investing was a diversion which helped my
> son overcome this setback. Vincent is calm and rooted by nature,
> which is exactly what John needed at this time ....

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 13

Id.

John Cassarini confirms his mother's account that Mr. Esposito is the individual that he "depend[s] on for genuine support," in times of need:

> My many positive experiences are too many [to] include in a letter, but I will highlight a few. The night my mother called to inform me that my father had entered a terminal coma and would soon pass, Vincent dropped what he was doing and drove over two hours to console my family. He stayed the night, in uncomfortable sleeping arrangements, reliving every photo my mother had of my father and was cheerful and kind during the worst day of our lives. The following day, he came to the hospital to pay his respects and tactfully left an hour before my father passed. Only a person of strong family ties and a responsible loving friend would endure such a depressing chain of events. I will always remember the kindness and love he shared during a very difficult period. A few weeks later, my family welcomed newborn twins to the world. The boys were born in California; I lived in New York at the time, and was planning to make the trip with my three young children. Vincent, knowing I was still mourning the loss of my father, once again dropped everything he was doing and came to California for ten days. He acted as cook, babysitter, chauffer and my man Godfrey for the entire trip. When he wasn't teaching my son to throw a ball or teaching my 4 year old twins how to swim, he was doing the grocery shopping and then consoling me how my newborn twins would never see their grandfather. Vincent did this with a smile on his face and never seemed to tire. Vincent continually uses his energy to not only lift himself up, but also his family and the people around him. His sense of family, generosity and decency is unparalleled. These are moments and acts of kindness in life one does not ever forget.

May 4, 2019 Letter of John Cassarini, attached as Exhibit 27 (emphasis supplied).

Kimberly Babecki, the sister-in-law of John Cassarini, corroborates this account of the support that her family received from Mr. Esposito when they moved from New Jersey to California and he "traveled to help them adjust" to their new home:

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 14

> Vincent showed enormous patience with the 5 children (one set of
> newborn twins, one set of twins 4 years old and a 14 year old). He
> was always game for the next activity; whether it was to go grocery
> shopping, help unpack boxes, or read a book to the kids. When
> Vincent arrived at the house, and saw that we had a pool, one of
> the first things he did was schedule a gate to be installed because
> none of the children knew how to swim. He started to teach the 4
> year old twins how to float but I recall him stressing to them that
> they could not go near the pool without an adult present. His
> diligence in his concern, I learned much later, was because he had
> rescued 2 children from drowning. Each morning the 4 year old
> twins would wake up "Uncle Vincent" with their bathing suits on
> and ready for the next lesson. In the midst of settling the children
> to their new home, Vincent possessed an impressive inner
> cohesion.

Ltr. of Kimberly Babecki, Ex. 22.

The above reports are but a sampling of the pile of anecdotes provided in the submitted
letters. Christopher Dillon praises that his requests for assistance from the defendant are always
met with "'What can I do,' 'of course I can,'" and "'it would be my pleasure' ...." Ltr. of
Christopher Dillon, D.D.S., Ex. 7 ("Vincent is always the easiest and most accommodating
friend I have"). Elaine Golemis similarly endorses: "He has been there when my husband needed
that extra person to speak to, to get advice from, to comfort him. ... When I needed him he was
always there, whatever I asked, whatever I needed." Ltr. of Elaine Golemis, Ex. 14; see also Ltr.
of Kate Ottenberg, Ex. 18 ("he is a loyal and considerate friend who shows up"). Gina Sandella,
a single parent, writes that she has always taken "comfort in the knowledge that [she] could rely
on [the defendant] to lend an ear when [she has] struggled with parenting issues," and further,
that she could "count" on him to be there for her son. April 29, 2019 Letter of Gina Sandella,
attached as Exhibit 28.

Impressively, according to his friends, this drive to help others was instilled at a very
young age. Childhood friend Chris Dragotta recalls that "[w]hen a high school classmate was
going through a difficult period, Vincent was very visible with helping him. From driving him
around town, helping him financially, and even buying groceries for him. Vincent led by
example, as a few us ultimately had to help, too." Ltr. of Chris Dragotta, Ex. 9. William Golden
recalls that when their good friend was killed on 9/11, "Vincent always took the time to call
[him] and helped [him] keep going." Ltr. of William Golden, Ex. 5. Marco Maccioni notes for
the Court that when another mutual friend was suffering from severe depression, it was Vincent
who "took it upon himself to ensure that he received the professional attention, therapy, support

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 15

and friendship that enabled his rehabilitation." Ltr. of Marco Maccioni, Ex. 19. Mr. Maccioni
adds that "[w]hile everyone else was too busy with their own lives, Vincent's dedication is the
reason [their] friend is still here .... Vincent recognized what needed to be done and did it." Id.;
see also April 26, 2019 Letter of Sean Gelfand, attached as Exhibit 29 ("always makes a point to
ask about my children, especially how my child with special needs was doing").

       Given the accounts of Mr. Esposito's assistance with his mother and other family
members facing medical problems, it is perhaps unsurprising that he has similarly aided friends
with their own health issues or when their own family members were hospitalized. First,
Serafina Fiore recalls her interactions with the defendant during her cancer treatment:

            During the last three years, I have been undergoing intensive
            chemotherapy treatments. This has left me too ill to continue to be
            employed. Vince is someone who I have relied upon to help me in
            my battle with cancer. It is a testament to someone's character that
            they put their own problems aside and take the time to lift
            somebody else's spirits and moral up ... that is who Vince is to me.
            He has shared with me the turmoil his mother endured with her
            lung cancer and chemo treatments. The compassion he has shown
            me is truly astronomical.

            I am a single woman parenting my cat Gunther. During my
            frequent hospital stays, I feel a tremendous amount of guilt to leave
            Gunther alone. Vince has helped me on many occasions to
            check in on Gunther – feed him, change his water and even his
            litter box. I have recently learned that Vince has asthma and is
            allergic to cats. To know that Vince went out of his way to ensure
            my cat was cared for while putting his health in jeopardy,
            exemplifies his caring and selfless ways.

            Much like anything else, when one gets sick or things go bad in
            your life the opportunistic people that were around, fall to the
            wayside; that is not Vince. His kind words, support and quiet
            strength have pulled me out of many dark holes. When I
            mentioned that even comfortable items of clothing that I wore to
            chemo and radiation treatments were almost unbearable to have
            touch my skin; in a matter of days Vince sent me a care package of
            the most high quality shirts and pants.

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 16

May 8, 2019 Letter of Serafina Fiore, attached as Exhibit 30 (emphasis supplied); <u>see also</u> Ltr. of Dr. Joseph Lattinelli, Ex. 2 ("my ... father had been struggling with terminal lung disease and Vincent would consistently check on my well being, offer emotional support, or stop in to lift my spirits").

      Additionally, Vincent Macagnone provides a particularly poignant account of the defendant's aid when his father was battling cancer:

> Once my dad was diagnosed with cancer, Vincent was the most constant friend present for my dad .... He would not only accompany him to doctor's appointments, but lend the kind of support that one would only expect from a close family member. <u>It was never too late or too early in the day to call upon Vincent when my dad needed assistance; whether it be calling one of his doctors to understand what adjustments were needed with my dad's care and medication, or just to talk about how my dad was feeling.</u> My dad always told me "[w]e become happy by what we give." What Vincent gave my dad was his time, his energy and sincere friendship. His soft spoken demeanor and presence helped calm an otherwise chaotic environment. These gifts had a positive impact during otherwise grim days. <u>It has left a lasting impression on me and my siblings.</u>

May 19, 2019 Letter of Vincent Macagnone, attached as Exhibit 31 (emphasis supplied); <u>see also</u> May 10, 2019 Letter of Gloriana Macagnone, Ex. 32 ("Vincent supported my father through illness and emotional struggle. That loyalty and goodness continues to inspire me each day"). Cynthia Graham confirms this account, informing the Court: "when my husband became very ill ... Vincent brought my younger daughters to his mother's home to be cared for when I was full time at the hospital with Anthony." Ltr. of Cynthia Graham, Ex. 3. Ms. Graham concludes: "During my husband's final battle with cancer, <u>no one could improve his spirit more than Vincent.</u>" <u>Id.</u> (emphasis supplied); <u>see also</u> Ltr. of Dr. Joseph Lattinelli, Ex. 2 ("provide[d] emotional support and encouragement," and "care[d] for his family" during mutual friend's "long battle with esophageal cancer").

      Further, Arnold Simon writes that after his son was in a "terrible accident," resulting in "serious brain damage," that Mr. Esposito was the "first person to show up at the hospital, aside from [his family]." May 7, 2019 Letter of Arnold Simon, attached as Exhibit 33. Mr. Simon adds that "[s]ubsequently, Vincent would meet [him] at the hospital and the rehabilitation facility to visit [his] son and support [him]," and concludes that he "has always been someone [he] could count on." <u>Id.</u>

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 17

Similarly describing Mr. Esposito as a "reliable friend through thick and thin," Peter
Thayer provides another instance that demonstrates Mr. Esposito's kindness and empathy:

> When my mother was diagnosed with terminal cancer, Vincent
> made a point of calling me regularly to ask about my mother and
> how I was doing and if there were anything he could do for me.
> These calls made a lasting impression on me because although
> other friends would ask about my mother's health, only Vincent
> called me consistently with the particular purpose of asking about
> my mother.

May 10, 2019 Letter of Peter Thayer, attached as Exhibit 34. Additionally, of the countless
occasions that he has been supported by Mr. Esposito over the years, Mr. Thayer recalls:

> When home ill, Vincent has called me, asked what I needed and
> then delivered groceries and cat supplies to me. When I needed a
> storage unit, I was able to rent one at the self-storage company he
> owned; when I was looking for an apartment, he put me in touch
> with a real estate broker friend of his; and, when moving another
> time, he arranged movers for me. When I was in the hospital,
> Vincent was the first to visit, asked what I needed, purchased
> everything (clothes, books, etc.) I requested and brought them to
> me. ... I have personally experienced Vincent's empathy and
> concern numerous times.

Id. (emphasis supplied).

Finally, longtime friend John Lonuzzi perhaps best summarizes much of the above
sentiment in describing his own experiences with Vincent Esposito:

> The Vincent I have known for nearly 35 years is a kind, loving and
> good-hearted man who puts the needs of friends and family before
> his own. The way in which Vincent cares for his elderly mom and
> his sisters is touching and inspiring. But his concern for others
> does not stop at home. I have never had a telephone call or visit
> with Vincent (even during his pre-trial incarceration) that didn't
> start with him asking about my family and my well-being. A
> conversation with Vincent always opens with questions such as:
> "How is your mom?", "how are your brothers?" or "how is your
> niece's new baby?" And these inquiries are not just simple

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 18

platitudes – Vincent always follows up with genuine and detailed
questions about everyone's health and well-being. Vincent
probably knows as much about my soon-to-be 90 year-old mom's
health as I do. That's because he genuinely cares and gets
involved. That's who Vincent is and who he has always been from
my perspective.

By way of example, a number of years back, when my mom
needed knee replacement surgery, Vincent was instrumental in
helping us find a surgeon and helping to get an appointment for
her. I recall Vincent was there with me on the day of surgery and
visited or called every day during my mom's recovery. Years later,
when we went through the same process with mom's other knee, it
was Vincent once again who was there for us - helping to care for
my mom, as if she were his own family. More recently when my
older brother was diagnosed with heart disease and then lung
cancer, it was Vincent once again who was by my side during the
process of finding the right physicians and getting my brother
through several surgeries and recoveries. As always, I never asked
Vincent for his help - he was just there for me.

Over the past year, while Vincent has been dealing with the
consequences of these very serious charges against him, I met with
some health issues of my own that sidelined me for some time. It
would be understandable if Vincent were preoccupied with his own
situation, rather than with my health. But that is simply not who
Vincent is. He made it a point to reach out to me numerous times
to inquire about my health and well-being. When I would ask
about his predicament, he would quickly brush me off and redirect
the conversation back to my health. Even under the weight of this
prosecution, even while confined in a Federal facility and then at
home, Vincent still placed his concern for me before his own
troubles. I don't know anyone else who have done this, but that is
the Vincent I have always known.

July 8, 2019 Letter of John Lonuzzi, attached as Exhibit 35 (emphasis supplied).

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 19

    Charity and Involvement in the Community

        In addition to being a reliable and thoughtful friend, many of those who submitted letters wrote of Mr. Esposito's efforts to give back to his community – whether through helping neighbors or strangers, or providing support to nonprofit organizations. See, e.g., Letter of Cesar Castrillon, attached as Exhibit 36 ("He is known ... for being courteous, generous and kind .... Every year, Mr. Esposito has donated and helped me collect contributions to send back to my family ... in Colombia"). For example, Nicole Gary informs the Court of an instance when the defendant's quick thinking may have helped a stranger survive a heart attack:

> I was once at dinner with him and a man in the restaurant was
> experiencing what looked to be a heart attack. Vincent ran next
> door to buy baby aspirin for this man. Vincent told me afterwards
> that taking just 1 baby aspirin is known to help save lives when
> someone is experiencing a heart attack. This selfless act, to help
> save this stranger's life, captures the true Vincent.

Ltr. of Nicole Gary, Ex. 6 (emphasis supplied).

        Donald Dugan, a doorman at a building near his home, writes that "[y]ou could not ask for a better neighbor," adding from his own observations: "There is an older couple on our block that Vincent is always lending a hand to. The husband is very sick and in a wheelchair. Vincent always helps them. They are crazy about him. ... He treats them with the utmost respect." Ltr. of Donald Dugan, Ex. 8. Another neighbor, Annette Osher, echoes this account in her letter, noting:

> Mr. Esposito is a particularly compassionate and caring neighbor. I
> have seen him helping a disabled elderly man who lives at 57 East
> 77 Street into his home and carrying his shopping bags when it was
> extremely difficult for this old man. On one occasion, this man fell
> down his steps and could not get up, Mr. Esposito went to help him
> and his aide get the man up and settled and up the stairs.

Letter of Annette Osher, M.D., Ex. 25.

        Providing details concerning his many charitable acts, Carmella Esposito writes that her brother's "generosity spans decades," and includes:

> delivering food to homeless men on the Bowery in the 1990's ...
> donating apparel to the local men's shelter ... volunteering with NY
> cares ... participating and donating to AIDS Walk ... working with

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 20

> Project Main Street in supporting individuals affected by ALS ...
> bestowing toiletries, food and much needed clothing to All Angel's
> Church on multiple Code Blue evenings in assisting with
> emergency shelter for 50 homeless men ... [and] delivering food to
> our local parish church, St. Jean Baptiste, where homeless men and
> women reside on the church steps[.]

Ltr. of Carmella Esposito, Ex. 12.

       Of Mr. Esposito's efforts to help fight the AIDS epidemic, Michael Dentato confirms:
"Vincent not only helped promote and increase financial support for our AIDS Walk team – but
he participated in the events to promote and raise awareness for the HIV/AIDS community
during a time when there was little advocacy." Ltr. of Michael Dentato, Ex. 15; see also Ltr. of
Ricardo Gomes, Ex. 16 ("involved in many charity events at ... school"). And Emmett Towey
adds that Mr. Esposito has been a "staunch supporter[]" of the non-profit he helps manage, which
assists those with ALS. See Letter of J. Emmett Towey, attached as Exhibit 37 ("has dedicated
much time to causes that help others in the community ...."); Letter of Aidan McCormack, Esq.,
attached as Exhibit 38 ("whenever there was charitable work to be done, Vincent was always
there to lend a hand").

JEFFREY LICHTMAN

Hon. Victor Marrero
United States District Judge
July 12, 2019
Page 21

### D.    CONCLUSION

Defendant Vincent Esposito comes before this Court asking for mercy. A life filled with extraordinary good deeds has been marred by his criminal actions. Nevertheless, as the powerful enclosed letters reveal, Mr. Esposito is an uncommonly decent and giving man, and unlike many defendants, has made very sincere efforts to help family, friends and members of his community in any way possible throughout his life. He is the rare defendant who has given so much to others – when no one was watching, when he had no need to impress a judge deciding his fate. For these reasons and the others stated herein, a lenient sentence is respectfully requested.

Respectfully submitted,

Jeffrey Lichtman
Marc Fernich
Jeffrey Einhorn

Encs.

cc:    Kimberly Ravener, Esq.
Jason Swergold, Esq.
Jason Richman, Esq.
Assistant United States Attorneys (by FedEx and email)

# EXHIBIT 1





# EXHIBIT 2

May 9, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: Sentencing of Mr. Vincent Esposito

Dear Judge Marrero,

My name is Dr. Joseph C. Lattinelli and I am writing to you on behalf of Vincent
Esposito. I am a 43-year-old dentist, with an established dental practice in my community. I am
a born and raised New York City resident. I have had the great pleasure of knowing Mr.
Esposito professionally and personally for over a decade. I have cared for Vincent and his
family for their medical/dental needs.

I have always found Vincent to be a kind, smart, and generous man. He is a devoted son
and brother who deeply cares for his family. He is a member of the community with long
standing ties.

Over the years, I have witnessed first hand how Vincent has helped others in need. A
mutual friend of Mr. Esposito and myself was in a long battle with esophageal cancer. Vincent,
not only visited him often, to provide emotional support and encouragement, but also took time
to care for his family during this grueling fight against cancer. On an even more personal note,
my own father had been struggling with a terminal lung disease and Vincent would consistently
check on my wellbeing, offer emotional support, or stop in to lift my spirits. His compassion,
warmth, and kindness has always been evident in his words and actions.

I am aware that Vincent has plead guilty to a crime and will soon come before you for sentencing. I recognize the consequential decision that is placed upon this sentencing hearing, and ask you to seriously consider leniency when sentencing Vincent. Vincent is an integral part of his family unit and is needed at this time to help care for his elderly mother. I believe that Vincent possesses the desire and determination to learn from this experience and move in a positive direction. As a friend, I will be part of a larger support system that will be available to provide Vincent with every aspect of support, guidance, accountability and love.

Thank you for your time and attention in this manner

Sincerely,

Joseph C. Lattinelli D.M.D
121 East 60th St
New York, NY 10022

2

# EXHIBIT 3

7 May 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Dear Judge Marrero,

I am writing to ask you for mercy in the sentencing of Mr. Vincent Esposito. I
have been acquainted with Mr. Vincent Esposito for many years, introduced to him
by my late husband, Anthony Macagnone, a New York City restaurateur and
neighbor to Mr. Esposito's family from childhood. Despite the great age
difference, Mr. Esposito and my husband were very close friends. In my presence,
Mr. Esposito was unfailingly kind, considerate and generous. My 3 daughters
delighted in him and his gentle, affectionately teasing ways were very pleasing to
them. (Not to mention the boxes of chocolates he would sometimes bear!) In
early January 2006, when my husband became very ill with an autoimmune
disorder, Vincent brought my younger daughters to his mother's home to be cared
for when I was full time at the hospital with Anthony. During my husband's final
battle with cancer, no one could improve his spirit more that Vincent. His arrest
came a full year before Anthony's death in January 2019 and it was a very sad year
for all of us. That year without his friend Vincent took a grave toll on his spirit and
he never recovered from the shock of his arrest.

I am aware that Vincent has been convicted of a very serious crime and that you
are tasked with his sentencing. I have witnessed Vincent's kindness to my
husband and to my daughters, and also observed his devotion to his mother and
wonderful sisters. He is truly a good person. The time since his arrest has been
long and terrible and I pray that you can take into consideration the suffering of all
of us that love him and long for his release.

Thank you for your consideration.

Yours truly,

Cynthia Graham
190 Third Avenue
New York, New York, 10003

# EXHIBIT 4

Angela Pizzino
1444 80th Street
Brooklyn, New York 11228

May 3, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Your Honor,

I am writing this letter as you consider an appropriate resolution in the case involving Vincent
Esposito, specifically to give you additional background that may not have come to light during
the process, in the hopes that it will help you to see the individual who will stand before you as a
respected, loved and valued member of the community – a community that will be at a loss for
any time he is not with them. In the end, I hope you view Vincent as the family man he truly is
and take that into consideration as you deliver your sentence.

In my professional career I have been employed as a paralegal and currently am a Practice
Assistant at Kirkland & Ellis LLP. I have known Vincent for 40+ years. Our families are close,
having lived near each other in the old neighborhood. Our mothers' are childhood friends -- they
grew up together and have known each other for over 80 years, and as time passed, and we each
moved away we have stayed in close touch. As a result, I have seen many aspects of Vincent's
kind, generous and charitable personality. I have always found him to be extremely loyal,
dependable and well regarded amongst his family and friends.

I hope you will also consider Vincent's strong commitment to his family, especially his aging
mother, who very much relies upon Vincent for support with attending doctor appointments,
speaking with doctors on her behalf, managing her required medications and caring for her. On
many occasions, Vincent, the ever-doting son, would drive his mother to have lunch with my
mom, in either a neighborhood restaurant or at my house. More recently, since my mom has
become homebound due to imbalance issues and his mothers' declining respiratory condition,
they have not been able to see each other. Even with my mom becoming ill, the last five years,
Vincent showed his concern to me by asking what doctors were treating her and offered other
specialists that may be able to help in determining the root cause of her strained speech and
diminishing balance.

These actions are the things Vincent is known for; his genuine dedication and sincere care for his
family, my family and all those who are fortunate to know him. He is a pillar to us.

It is my hope that you will consider this honorable man and his character, and that the judgement
you render will take into consideration that he is a valued member of the community held dear
by his family and as such, apply leniency in your sentence.

Sincerely,

Angela Pizzino

Angela Pizzino

# EXHIBIT 5

William Golden
720 Fountainhead Lane
Naples, FL 34103

May 10, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

My name is William Golden. Vincent Esposito and I met as children in Kindergarten and eventually reconnected in high school in NYC. I fully understand that Vincent has been convicted of a crime and will appear before you for his sentence. I hope the following words help you understand the Vincent I know.

After growing up in New Jersey and attending school there, my parents sent me to Loyola High School in Manhattan. As a 14-year-old from Teaneck, NJ, I felt alone and scared. I had no idea how to get around such an overwhelming city. Vincent quickly reconnected with me and made me feel comfortable in a place I was terrified of. Not only did he show me around, but he empowered me to work harder and make friends. As Vincent was part of the popular crowd, I was shocked and forever thankful for his kindness. I was overweight, shy and demotivated as a student, dealing with bullies. Vincent reminded me of the important things in life—friendship and perseverance—at a time when I was feeling my worst. We became fast friends and my grades improved, thanks to Vincent suggesting we spend more time in the library. As we got older in our high school careers, some of our friends began to experiment with drugs. Again, Vincent reminded me of the important things in life. He told me it was weak to participate in that kind of activity. Instead, he spent his time mentoring people like me and welcoming incoming freshmen.

Years later, our good friend, Mike Armstrong, was killed in 9/11. It was devastating for all of us. But, no matter how hurt Vincent was, he always took the time to call me and helped keep me going, turning my tears into laughter. Just four months later, my father passed suddenly. At the same time, Vincent's mother was undergoing serious surgery. Yet again, Vincent helped me push through and put aside his pain to motivate me. He came to the funeral, and after receiving communion, dropped to a knee and kissed my mother and sisters. He told them how sorry he was about my father's passing. It was a beautiful gesture.

Five years ago, my wife and I had dinner with Vincent. He asked me about the construction company I am a partner in and wanted to know whether or not we provide benefits to our field employees. I told him that we did, and he told me how happy he was to hear that and how important it is. The other friends I have shared this with tell me I am crazy for offering these

benefits. They think I should keep the money for myself. But, Vincent cares about people much more than most.

Three years ago, my eldest daughter was graduating college. She was determined to live in Manhattan. I live in Florida, and could not be hands on in assisting her to find an apartment. Once again, I relied on my friend Vincent to help me. Since he is a real estate investor, I hoped he would know of an available apartment or possibly put me in touch with a realtor. He assured me, he would not only find an apartment for her, but he would make sure it was in a safe neighborhood. Knowing Vincent was involved, eased my fears and to this day, my daughter remains in the same apartment and has created her home in Manhattan.

Throughout our friendship, I've been so touched and impressed by Vincent's relationship with his mother, the love of his life. When we were younger, our friends always complained about their mothers. Vincent would call his mother from the pay phone every day, just to tell her he loved her.

Vincent will always be a dear friend to me. He is a friend that I can count on to help me through tough times and has shown this time and time again. He has done more for me, without any prompting, than I could ever do for him.

Respectfully.

William Golden

# EXHIBIT 6

Nicole Gary
379 Broadway
New York, NY 10013
(914) 557-1666
Nicolegary777@gmail.com

May 11, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Honorable Marrero,

I have known Vincent Esposito for approximately 10 years. I met him while living on the Upper East Side and we became close friends. I am a real estate broker who runs a successful business. I built my business from nothing and have worked extremely hard to continuously succeed year after year. I strongly believe in giving back to my community and am involved with charitable organizations such as the Mann Charitable Foundation, R Baby Foundation, and many others.

I recognize that Vincent has been convicted of a crime and will appear before Your Honor for sentencing. I am writing this letter because I want to offer a snapshot of Vincent, which you may not be familiar with. He has a kind heart and a giving soul. He is a smart investor and a hard worker. He is the epitome of a family man with regards to his mother and sisters.

I was once at dinner with him and a man in the restaurant was experiencing what looked to be a heart attack. Vincent ran next door to buy baby aspirin for this man. Vincent told me afterwards, that taking just 1 baby aspirin is known to help save lives when someone is experiencing a heart attack. This selfless act, to help save this stranger's life, captures the true Vincent.

There was another time where a long time friend of Vincents' was experiencing financial trouble. Both of his parents were deceased and he did not have any family in New York. He was on the cusp of becoming homeless and Vincent asked me if I could help find his friend an apartment. Vincent helped get him back on his feet when he had no one else. He found a job for him, helped him move and even went as far as buying groceries for his friend and his cats to make sure they did not go hungry. This truly warmed my heart. Vincent always helped others in need when they were down and tried to pick them up and get them to a better place. He is a great friend and extremely generous to those around him and his community. He would often stop by to feed the homeless at St. Jean Baptiste Church and make sure they were ok.

Vincent is truly devoted to his family. I have never met anyone who was so attentive to their mother and sisters. His family comes first. He always took his mother to every doctor's appointment, made sure she was taking the proper medication, would ensure she never ate dinner alone and made Sunday dinners a priority with his mother and both siblings. Personally, I come

Nicole Gary

from a broken family; I was in awe when I realized how wonderful Vincent was to his family and how important they are to him. It is truly impressive to watch the love and compassion Vincent has for them; he would call to check in with his mother and sisters every time we were together. He taught me the true meaning of "family".

I admire Vincent's strong work ethic and drive. They are both reasons we became friends quickly. I started in real estate with less than $3,000 to my name. I worked endless hours 7 days a week and did not take a day off during my first 3 years in the business. This ensured that I became successful. I mention this because I saw the same drive in Vincent that I had in myself. We both have an intense work ethic and a love for real estate. He has attended many real estate events with me to expand his knowledge of investment properties and future opportunities with development projects. These events are attended by some of the most dedicated and ethical professionals in the real estate community. Vincent is extremely knowledgeable when it comes to investing in general. He was diligent to find the right properties to invest in and make sure they were profitable to produce returns for his family. Early on in my career, Vincent introduced me to a few of his friends, and I became their broker. He helped me achieve and exceed my goals and encouraged me to keep going and stay positive, even on hard days when I felt like everything was falling apart. Vincent has a positive outlook on work and life. I respect his knowledge in investing, whether it is in the stock market or real estate. He encouraged me to invest and save my money and not spend it on material things. He was very wise when it came to this and urged me to start a retirement account instead of purchasing a new designer handbag.

Just under two years ago, I lost my husband suddenly. I moved back to the Upper East Side and would run into Vincent at the gym with his sister. He was still helping those in need, feeding the homeless and always checked in on me and made sure I was ok and got home safe. His acts of kindness and concern display his true character and warm heart.

Judge Marrero, I truly hope you will take into account the smart, generous and tenderhearted family man that Vincent is and all he has done to help those in his community and give back. I ask for you to be lenient in the sentence you must impose on Vincent, as any time spent away from his family will be a true hardship, particularly for his aging mother.

Thank you in advance for your consideration.

Best Regards,

Nicole Gary

Nicole Gary

# EXHIBIT 7

**Christopher J Dillon, D.D.S**
28 Knollwood Road
Upper Saddle River, N.J.  07458

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

May 10, 2019

Dear Judge Marrero,

My name is Christopher Dillon.  I have previously written you on behalf of Vincent Esposito.
I am a husband, father of three, dentist in New York City and thirty- five plus year's friend of
Vincent. We met at Loyola High School in1981 and have been close friends ever since.

I understand Vincent has been convicted of a crime and will appear before you for sentencing.
I want to give you a sense of how decent a man Vincent is before you consider his sentence.

The easiest example of my feelings for Vincent is when I was asked to be a surety for his
bond agreement, with no hesitation I said, "Of course I would." I had 100% confidence in doing
this because of my first-hand knowledge of Vincent's integrity.  "What can I do to help" , "Of
course I can" , "It would be my pleasure", are the answers I have always received from Vincent
whenever I have asked anything of him; from helping my mom move, to getting a lift
somewhere, or even a last minute change in time for somewhere we were going. Vincent is
always the easiest and most accommodating friend I have. His loyalty to me and his close friends
is unquestionable.  Even now, while he cannot leave his house and his personal concerns should
be overwhelming, he always tries to see what he can do for me.

Vincent's concern, love and dedication to his family are second to no one. His main focus
every day, since I first met him, has always been about taking care of his family. The time and
care that he dedicates to his mother would, quite honestly, make others feel badly about how they
treat their own parents. Vincent certainly is an inspiration to me, as a father who spends all of my
time with my wife and children. When one has deep friendships with good people, you tend to
absorb some of their best traits and the manner in which Vincent conducts himself with his
mother and sisters is truly commendable.

I ask you to consider Vincent Esposito's decency, generosity, loyalty, dependability and
earnest dedication to his family during sentencing and request the lightest sentence as you see fit.

Thank you for your consideration and time.

Respectfully,

Christopher Dillon D.D.S.

# EXHIBIT 8

Donald Dugan
14 Anchor Boulevard
Old Bridge, NJ 08857

May 6, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Honorable Victor Marrero,

My name is Donald Dugan. I have been working at 71 East 77th Street for
about 11 years. Vincent Esposito is a next door neighbor. I interact with
Vincent on an everyday basis. The Vincent I know, has at <u>all</u> times been
super polite, kind and at times very funny. You could not ask for a better
neighbor. Always asking me if I was okay or asking me if I needed
something from the store. Vincent is <u>very</u> well liked by everyone on 77th
street. <u>Constantly</u> helping out when needed.

There is an older couple on our block that Vincent is always lending a hand
to. The husband is very sick and in a wheelchair. Vincent always helps them.
They are crazy about him. They love him Big time. He treats them with the
utmost respect. That is one of many examples of Vincent's genuine selfless
nature.

Vincent is a wonderful brother and son. That is where he really shines. He is
one of the best sons I've ever seen and is very attentive to his mother. Most
sons should take lessons from him. He could teach them something.

In closing, I only hope this letter captures the real Vincent. Vincent is truly a
very respectable and decent person. I'm proud to call him a friend. I request
that Your Honor be as lenient as possible when considering the appropriate
punishment. Every neighborhood in NYC should be lucky enough to call
Vincent Esposito their neighbor.

Everything written comes from my heart.

Thank you, Your Honor.

Donald Dugan

Donald Dugan

# EXHIBIT 9

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

May 6, 2019

Honorable Victor Marrero,

My name is Chris Dragotta, and I am writing this character reference for Vincent Esposito. I understand the circumstance, but I want to convey my relationship and personal views of Vincent. First of all, I was born and raised in Manhattan. Although it was difficult growing up in a large city, with all the temptations and distractions, I am grateful for the catholic schools from grade 3 through college that my parents enabled for me. After spending 26+ years in finance, I decided to venture out and become an entrepreneur. Becoming a professional organizer, in addition to a spin instructor, has been a great experience. In fact, I remember a conversation with Vincent, my wife, and I, where Vincent strongly encouraged me to pursue something different. Several years later I did, and it has been very rewarding.

I have personally known Vincent for approximately 38 years - since our freshman year in high school. He was very well liked among his peers, and I can sincerely say that we were good friends beginning in our first year. Although I also hung around with a different group of 'partiers', I can honestly say that I never saw Vincent do any drugs. In fact I vividly remember him saying that he would never touch it. His grades were usually above average – good enough for him to attend, and graduate from NYU. These facts are a testament to his upbringing, especially as it relates to his mother & sisters. Vincent is very close to his family. His mother took very good care of him (Vincent always had the best lunch at the table!). He was always clean-shaven, and dressed very well. Not to mention that on many occasions he would walk home with one of his sisters after school.

After our college years we still kept in close contact, even though I left the city to raise a family. We would often meet at the restaurant of a mutual high school buddy, reminiscing about the past. Also, after most of our high school reunions, Vincent, I and a few others, usually hung out well after it ended. Like nothing had changed, Vincent was the life of the party. When a high school classmate was going through a difficult period, Vincent was very visible with helping him. From driving him around town, helping him financially, and even buying groceries for him .. Vincent led by example, as a few of us ultimately had to help too. His help also extends to his aging mother. Vincent has been a rock for his mom, doing everything that is required. Which goes to show that he not only appreciates all she did for him, but he is a caring and compassionate son.

Under the current circumstance, I am trying to paint a picture of the man I've known since 1981. There was never a doubt that I would write this reference when I was asked. Vincent has been too good of a friend for

me to not stand by him. I would ask that you look favorably upon this character reference for Vincent Esposito.

Respectfully submitted,

Chris Dragotta

860-918-4626

# EXHIBIT 10

Michael Acciardi
27 Burning Hollow Road
Saddle River, NJ 07458

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

4/30/2019

Dear Honorable Marrero:

My name is Michael Acciardi; I am 59 years old. I am Vincent Esposito's cousin. I am a surety who signed under Vincent's bail conditions, along with my uncle, Edward Acciardi. I was reviewed by the prosecutor for the U.S. Attorney's office. I am a businessman and a father of four children, soon to be five. I have known Vincent and his sisters my entire life.

Vincent graduated New York University and received his BA with a concentration in Political Science and Sociology. His sisters also graduated other great schools. Vincent is not the typical son. I would like to explain. Vincent and his immediate family, mother and sisters have a very unique relationship. They are a very very close loving group. Vincent, at this point being the only male figure in the home, plays a very special function. His mother Olympia is my father's first cousin, she is turning 85 shortly. She is a cancer survivor. She suffers from various debilitating conditions. Vincent is key to her living out the rest of her days happy and comfortable; he is the apple of her eye. He is an extremely devout son. He tends to his mothers' needs. I have been at many dinners in their home. Vincent is an amazing son; he is the son I wish I could be. He is patient and supportive of her ailments and takes her to her all too frequent doctor and hospital appointments as well as manages her medications.

Not only does Vincent excel at caring for his mother, he helps other family members as well. Our cousin Marie has very serious ailments. She barely speaks. She suffered a very bad stroke and never fully recovered. Vincent does the best he can to help her since she lives by herself. He has driven her to appointments, communicated with her doctors and simply just checks in on her. He is the only male relative that attends to her.

I myself am lucky enough to have my mother and aunt still with me. Unfortunately they are both elderly and sick. Vincent asks every time I see him and call him about both of them. He never missed one time, asking about them. He is not a hardened person.

Michael Acciardi

I understand what Vincent did was wrong. I do not condone it at all. He admitted in court what he did was wrong. Your honor, my cousin Vincent is a very good person. He is loyal to his family. He is kind to all that meet him. He wouldn't hurt a fly. He was raised by his mother and grandparents. He is very respectful.

During one of his approved lawyer visits, he was crossing the street and an older woman fell and injured herself. Vincent went to her aid, and helped her to the sidewalk, so she wouldn't further be hurt by passing cars. Another pedestrian called for an ambulance. This noble act, during a time in his life that he was facing a serious jail sentence and his life was in turmoil, his true concern for the well-being of a stranger is a testament to who he really is. He is selfless. He is caring. Your Honor, if that was anyone's mother, God forbid, I'm sure they would have been very thankful for what he did. He is a really great guy with manners and respect.

I have had many many deep conversations with Vincent. He is extremely remorseful. Not only for what his actions have done to him but what his sentencing will do to his mother and sisters, and all who he cares for, including me. I am quite close to him, not a lot of people besides his immediate family, can say that. I can assure Your Honor that Vincent has learned his lesson. He has been incarcerated in his home for over 15 months. He has suffered a tremendous set back. He is a good and kind person. I vouched for Vincent because I believe in him. I had nothing to gain and a lot to lose.

I beg you Your Honor, Vincent is a good church going honest man. I swear to you he is not violent and he is remorseful. Please Your Honor please let him off with parole or more home detention. If he goes to prison it will be an unbearable burden for his mother, sisters and others that rely on him.

I am available by phone if I can be of assistance or I can come in. I thank you for reading this. Please Your Honor, please be lenient on him.

Respectfully,

Michael Acciardi

2

# EXHIBIT 11

Oscar Cragwell
410 East 6th Street, #7-1
New York, NY 10009

May 22, 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero:
I am writing in support of Vincent Esposito with whom I have known for over 30 plus
years. Having attended Bard College with his elder sister, Lucia Esposito. I first met Vincent on
campus during a family visit; from that first meeting, it was abundantly clear to me that the bond
that exists between and among the Esposito family is one that is typified by love, caring and
support.

After obtaining an MBA from Columbia University, I spent much of my professional career in
the banking industry, but it is worth noting that I also have a Master's degree from the Silberman
School of Social Work at Hunter College. For the past six years, I have been counseling patients
and while I recognize that the situation at hand is serious in nature, I feel a strong responsibility
to present my honest assessment of Mr. Esposito's outstanding character traits. In my
estimation, Vincent's probity, intelligence, kindness and most importantly, his commitment to
his family, all significantly point in the direction of leniency in the highest consideration.

Vincent's relationship with his family is exemplary: he has always been a stalwart champion of
his sisters and their myriad endeavors. Whether with sound professional advice or reasoned
emotional support, Vincent has consistently been a source of comfort - Lucia and Carmella
couldn't ask for a better, more ardent brother. Whether it was assisting them in finding a new
location for their business when their lease was ending, or ensuring Lucia was safe in her travels
to work the day of September 11, 2001 or providing emotional support for Carmella when she
was held up at gunpoint; Vincent has always rose to the occasion to be a pillar for both siblings.
With regard to his mother, Vincent's personal strength buoyed her spirit throughout her battle
with lung cancer and continues to do so now as she enters her ninetieth decade. I have never
witnessed a stronger bond between son and mother.

In short, the attributes that, in my opinion, most definitively depict Vincent's character include
his integrity, diligence, kindness, coupled with his strong ties to the community and an abiding
love for and need to protect his family. I wholeheartedly and without reservation recommend
that Vincent be sentenced with the utmost leniency and be allowed to put this behind him.

If you have any questions, please do not hesitate to contact me at (917) 406-0816.

Respectfully yours,

Oscar Cragwell

EXHIBIT 12

Carmella Esposito
67 East 77 Street
New York, NY 10075

June 24, 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

My name is Carmella Esposito; I am 49 years old and I am Vincent Esposito's younger sister.
Most do not know the true Vincent because he is not one to "toot his own horn". He does not
boast about his education or his intelligence, or his accomplishments or his good deeds. Instead
he lives a life in the background while encompassing a moral core of strength for his immediate
family and friends. He is reserved, calm, settled and well rooted.

Sisters and brothers are the truest forms of love, family, and friendship. My brother is my best
friend. He has always been the person I turned to in times of trouble. Months before our
grandfather passed away, I was enrolled in a new middle school. My classmates did not
welcome me to the school and I was an outcast. Upper classmen bullied me because I didn't fit
in. They made fun of the way I dressed, that I was overweight and that I spoke with lisp. I didn't
want to worry my parents with this situation, as they were dealing with the loss of our
grandfather while our grandmother was showing increasing signs of Alzheimer's Disease; so I
confided in my brother, Vincent. Though he was only a teenager, he made an appointment with
the head master to bring the situation to his attention. School administration addressed this
uncomfortable situation and I completed the next two years of education there instead of
changing schools.

Eleven years ago I fell and broke my kneecap. I was morbidly obese and recovery was extremely
difficult. My first challenge was to heal from surgery but more importantly I needed to lose +150
lbs. Through Vincent's encouragement, research, ensuring I became a patient of superior medical
professionals, and exercising with me, I have since been able to shed the weight. Though I am
responsible for doing the work, obesity is a disease which must be managed with care. Vincent
joined a gym with me, so that I would have someone to exercise with. He would take classes
with me, and be the only male, just to make me feel more comfortable; he would partner with me
in class so that I was not the last one chosen in duet tasks. He suggested we walk in Central Park
around the Great Lawn or the Reservoir for additional exercise. At the beginning, even 1 lap
around the Great Lawn was difficult; in time, I completed the full loop in Central Park,
approximately 6 miles, at a rapid pace. I do not know of any other male/female siblings who
have been as supportive as Vincent has been to me. He saved my life.

When my mom was diagnosed with lung cancer, Vincent rallied for my mom's health~ from ensuring her pain medication was administered on time to taking her on short walks in Central Park daily to increase her lung capacity. He was determined to have our mom be a cancer survivor. It is with his resolve, that I believe, our 84 year old mother endured.

Vincent is the type of energy that no matter where he goes he always adds value to his surroundings and the people around him. He is a selfless man. One summer, while on vacation in Puerto Rico, we were by the pool. A young French boy wound up in the deep end. His parents, not being attentive to their child, did not observe that their son stepped too far where the slope started to get deeper. Vincent noticed that the child slid silently underwater. With no hesitation, Vincent dove into the pool and pulled the boy out. If it wasn't for Vincent's awareness, this situation could've had a fatal ending. Years earlier, a similar situation happened whereby Vincent saved a young girl from drowning when she tripped from the edge of the pool and wasn't wearing a life vest or flotation device. It is his genuine concern and compassion for the well-being of others which saved both children.

Vincent seems to take on everyone else's problems, while being a sounding board and assisting friends in finding solutions to deal with their difficulties; whether it be a specialist to address a medical condition or using common sense to work thru a business issue. For one friend in particular, who was dealing with severe depression, Vincent was a staunch pillar of support in finding the appropriate facility for his friend to obtain medical treatments. It was thru Vincent's concern and care, that this friend has improved and is doing much better. When my sister and I were faced with an ending retail lease for our business and a board president who would only renew the lease at an inflated market rate, Vincent stepped in to help. Understanding that we had a successful 8 year business which needed a new location, Vincent relied on his knowledge of the real estate market and contacts from his real estate investments to help us find and negotiate a temporary lease to move our existing business. Once settled, he continued to search for a prime retail space with a long term lease. Though it took a year, his persistence, diligence and dedication resulted in the perfect location. Without his support and knowledge, our business would have closed and eighteen staff members would have been unemployed.

Vincent's generosity spans decades. From delivering food to homeless men on the Bowery in the 1990's; to donating apparel to the local men's shelter; to volunteering with NY Cares; to participating and donating to AIDS Walk; to working with Project Main Street in supporting individuals affected by ALS; to bestowing toiletries, food and much needed clothing to All Angels' Church on multiple Code Blue evenings in assisting with emergency shelter for 50 homeless men; to delivering food to our parish church, St. Jean Baptiste, where homeless men and women reside on the church steps; He has a giving personality.

I will admit the only positive thing that has resulted since January 2018 is the time Vincent has been able to spend with my mom. She thrives having him around. He ensures she does her physical therapy, monitors her medications, they watch old movies together on TCM and even cook together. Recently I heard them talking about "*The Young Philadelphians*", "*The Maltese Falcon*" and "*The Bells of St. Mary*". Prior to this, Vincent had always been very active in my mom's health care routine, but under his restrictions, he has spent unlimited time in her company.

During the three months Vincent was incarcerated, it was detected that my mom developed a brain aneurysm. Shortly after Vincent was released under home incarceration, he found the test results detecting the aneurysm. He immediately contacted Dr. Rana Kaplan, my mom's pulmonologist to obtain her recommendation for a neurologist at Memorial Sloan Kettering and made the appointment for my mother.

Although Vincent is worried and cares for everybody's well-being, Vincent rarely talks about his own health. They say diabetes is the silent killer, but unfortunately Vincent has an enlarged aorta which is a ticking time bomb. My father had the same defect which required repair through operation.

In summation, character is not innate or automatic. One has to build it with effort, and Vincent has done just that as evidenced in the select examples I have shared. He has taken responsibility and when he stands in front of Your Honor, he will have been under some form of incarceration for the last 18 months. Please also consider my aging mother and her progressive illnesses~ weakened pulmonary function- due to her bout with lung cancer, her severe osteoarthritis which limits her mobility and most recently the brain aneurysm. I implore Your Honor to exercise immense compassion and the most lenient sentence possible when deciding the final verdict for Vincent.

Respectfully,

Carmella Esposito

# EXHIBIT 13

Lucia Esposito
136 Waverly Place
New York, NY 10014

June 10, 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

I am writing on behalf of my brother, Vincent Esposito. My brother is 15 months younger and my sister is 3 and a half years younger than myself. We are not only close in age but also share a very close family bond. We all went to the same Catholic grammar and high schools. We have a lot of the same friends and have dinner every Sunday evening with our 84-year-old mother.

Vincent lives with our mother and is her primary caretaker. I have never known another adult child who has the level of affection and care that he shows towards our aging mother. He showed the same level of care for our father and grandparents during their advanced years. That is at the heart of who he is. He has put his family before himself on countless occasions.

All three of us have higher education degrees but I was the only one to go away to college. Vincent planned on attending Boston College but deferred admission when our father's health declined. He enrolled in New York University, to stay at home and assist my mother. It was his selflessness that allowed me to go away to college and have a fuller experience.

Vincent has always had a soft spot for his family and does his best to shield us from anything upsetting. When the health of my first cat (who I had for over 16 years) declined he was the one who stayed with her during the euthanasia process. It was too painful for me and he knew that I did not want her to be alone. These may sound like small instances, but they show his true color and the depth of his concern.

My brother has done a lot for us and I am compelled to show the court who he really is. He is fiercely protective over the ones he loves. He is well mannered and respectful of everyone he meets. He is home oriented; his home is his safe space. He tends to go above and beyond for those in his company. He is soft spoken and genuine to the core.

At sentencing, my brother will have been under some form of incarceration for 19 months. Time is one of life's most precious commodities and I have never felt it more so than now. I fully understand the seriousness of the situation and implore you to show

leniency on him. The past year and a half has taken its toll on all of us and ask you to please take this into consideration.

Respectfully Yours,

Lucia Esposito

# EXHIBIT 14

Elaine Golemis
2173 Edwin Ave
Fort Lee, NJ 07024

May 8th, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Marrero,

My name is Elaine Golemis and I met Vincent Esposito through my husband, Ioannis
Golemis, soon after we got married and I moved to the United States from London in
2011. Since then we have all been good friends. Vincent has been a substantial part
of my life ever since we met.

I understand that Vincent Esposito has been convicted of a crime and will appear
before your Honor, for sentencing. I felt that it is not only essential but vital that I
share some moments that have truly made an impact on my familys' life.

Vincent has been present at almost every event in our family life ever since my
husband and I got married. He attended our wedding party here in the United States
in 2011, and that of my husband's twin brother too in 2013. Our families have spent
a lot of time together; he has attended Greek mass with my husband, celebrated
Greek Easter at my in-laws house; and we have spent every birthday together, not
just my husbands', but mine too. We have had countless dinners with his mother
and sisters in New York City. Family is the most important thing to him and we are
privileged that he has allowed us to get to know his wonderful mother and sisters,
as well as welcomed us to share their company.

In 2014, my husband and I learned we would be expecting twins; Vincent was
ecstatic by the news. He and my husband planned the baby shower, since my
mother and friends all reside in London and my mother scheduled her travel for the
birth of her grandchildren. I learned Vincent took on the responsibility of finding a
bakery to make all the customized sweets~ including the cake and favors (cookies
and cupcakes) themed with baby blue lambs. His attention to detail was spectacular
and really added a special touch to the small party. He also attended my baby
shower, with his mother and sister, supporting my husband and just being a great
friend.

More significantly he was at the hospital when I gave birth to my beautiful twin boys
in 2015. He has been present at their every Birthday party, (except the last one), and
has spent time with our boys and our family both in New Jersey and in New York.

Elaine Golemis

Together with the twins, we have gone for ice cream, played on the swings, and gone to Central Park many times. He has truly been a major part of their, and all our lives, in such a positive, profound way. He truly cares for them and loves them deeply. For this we will be eternally grateful.

In 2016, my husband invited Vincent to join our family on our vacation to Greece. My husband and in-laws were so looking forward to sharing their homeland, culture, food and church with Vincent. As conscientious as he is, he graciously declined the offer, due to his concern for his mothers' declining health.

I know Vincent on a personal level. He is a person who has shown my family love. He has been there when my husband needed that extra person to speak to, to get advice from, to comfort him. They could say nothing at all, and that would also be enough. When I have needed him he was always there, whatever I asked, whatever was needed. The Vincent that I got to know is kind. He is loving and has shown my family a kind of love that is genuine, unconditional, and in my experience, this is a rare quality.

I respectfully request your Honor to show leniency when determining Vincents' sentence. This is not to belittle the crime, but instead because we will all be at a loss with his absence. Already, it has been 16 months since we have been without his company and he is gravely missed. I assure you, Vincent is a humble man and his home incarceration has affected us all.

Sincerely,

*E. Golemis*

Elaine Golemis

# EXHIBIT 15



**LOYOLA**
UNIVERSITY CHICAGO

Michael P. Dentato, PhD, MSW
School of Social Work
1 East Pearson Street
Chicago, IL 60611

312.915.7030

May 9, 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY, 10007

Dear Judge Marrero:

I write this letter of good character and reference on behalf of Vincent Esposito. I recognize and understand that Vincent has pleaded guilty to a crime and will soon be sentenced by Your Honor.

I have known Vincent and the Esposito family since the early 1990s. At that time, I worked with his sister Carmella at the GAP, Inc. Carmella and I were managers for the former store which was at the corner of West 73rd Street and Broadway, in the Ansonia Building. Since beginning our working relationship, a friendship soon developed, and we have remained in contact.

I am currently an Associate Professor in the School of Social Work at Loyola University Chicago. I received my Bachelor of Arts and Master of Social Work degrees from Fordham University. In 2008, I moved to Chicago to earn my PhD in Social Work from Loyola University, where I was later hired as a member of the faculty. In addition to my teaching, research and scholarship background, I have over twenty years of community-based and consultant experience including clinical, administrative and policy work throughout New York City, Miami and Chicago.

Since I have known Vincent, my impressions have always been positive and favorable as I will attest to, and highlight throughout the following stories and examples. Vincent was always a loving, caring, compassionate and contributing family member for those within his immediate family including his two sisters, mother, father and grandmother - as well as for members of his extended family, friends, and the community-at-large. His interactions with his sister Carmella that I observed included support of her advocacy and volunteerism for the NYC AIDS Walk. Vincent not only helped promote and increase financial support for our AIDS Walk team - but he participated in the events to raise awareness for the HIV/AIDS community during a time in which there was little advocacy and the city was in crisis attempting to manage the epidemic. Along the same line, over the years, Vincent has also volunteered with NY Cares, a non-profit organization serving some of the most vulnerable communities across the five boroughs.

Honorable Victor Marrero          Page 2                    May 9, 2019

To continue with regard to Vincent's care and concern for Carmella at our former work environment, our store was robbed at gunpoint one evening. Unfortunately Carmella was the manager on duty. After this incident, in order to protect his sister and make her feel safe, Vincent stepped in to pick her up from late night shifts for quite some time thereafter. He displayed much empathy and concern for all the staff members impacted by the robbery. He also accompanied her on all overnight burglar alarm calls, to shield her from any harm.

The Esposito family has always been a very close-knit and loving family. The interactions I witnessed between Vincent and his sisters, Carmella and Lucia, were always positive, and truly underscore his love and compassion for each of them as their brother. Similarly, his love, care, and concern for his mother Olympia has always been evident from the day I met him. As his mother continues to age, though being a cancer survivor, she has clearly become more dependent upon her children, yet especially upon Vincent who manages her daily health care, medications and basic needs. It is clear to me, in close to a 30 year history, that Vincent has always been and continues to be a selfless, caring, loving, and concerned son, brother and human being.

In summary, these examples speak to Vincent's character as a family member, as well as ways in which he is a contributing member of society who truly cares for others in a thoughtful and selfless manner.

I respectfully request that Your Honor consider the positive and important character traits of Vincent and have leniency with regard to his sentencing. Should you require additional information, please do not hesitate to contact me.

Sincerely,

Michael P. Dentato

Michael P. Dentato, PhD, MSW
Associate Professor

# EXHIBIT 16

**Ricardo Gomes**

Rua Desembargador Alfredo Russel No 173 Apt 407
Leblon 22431-030
Rio de Janeiro, Brazil

5/13/19

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

My name is Ricardo Gomes. I'm currently Professor of International Relations and Political Science at Escola Superior de Propaganda e Marketing (ESPM) in Rio de Janeiro, Brazil, where I reside. I've been teaching at the graduate and undergraduate level for the past 16 years. I lived in New York City for 17 years, where I met Vincent Esposito.

'Vinny', as he was best known, was a very friendly and charming person. He still is. I met Vincent at The Loyola School when we were freshmen (Class of '85). Through the the four years we spent together at Loyola I can only recall good and positive memories. Vincent was involved in many charity events at the school as well as in extra curricular activities (sports and the service club). 'Vinny' was well liked by his friends and peers and was academically respected by The Loyola School staff.

I returned to Brazil permanently in 1989, because of my father's new position in the Brazilian Government at the time. Nevertheless, I've returned to NYC often since then and in every occasion I was able to visit with Vincent and all of our friends from high school and college. It is always a joyful moment to see your long time friends.

In every visit I shared great moments with Vincent, not only talking about the past but also talking about present times and the future. Vincent would freely discuss his real estate investments with me as well as the state of the U.S. stock market; he was always curious about Brazil but also about international politics in general. He still owes me a visit.

I'm aware that Vincent has been convicted of a crime. I must confess that this situation shocked me greatly. He has always been a warm, funny and honest person. Through the years, Vincent demonstrated great loyalty to his friends, he was always present when you needed help. As a student in a Jesuit Catholic school, he was always dedicated to uphold moral values. His love and concern for his sisters, who also attended Loyola, was always present for everyone to see. He was/is a very respectful son.

I will always consider 'Vinny' as a dear friend. We shared many wonderful moments and that cannot be forgotten.

Respectfully,

Ricardo Gomes

# EXHIBIT 17

*Karen Ann McDermott, 377 Rector Place, #20B, New York, NY 10280*

Hon. Victor Marrero

United States District Judge

Southern District of New York

500 Pearl Street

New York, New York 10007

**Re: Vincent Esposito**

Dear Judge Marrero,

I'm writing to you to provide a character letter for Vincent Esposito who will stand before you July 19 for sentencing. I understand that Vincent has pleaded guilty to a crime and I understand the details of the charges that were brought against him.

As I write this letter, I realize that he's being sentenced just three days before his birthday. I met him on his birthday July 22 in 1988. Our relationship started as a romantic one, and I guess you could say it was love at first sight. I was 21 years old and working full time at Citibank in the Private Bank and attending St. John's University full time night and weekend. We started dating immediately and ended up dating on and off for a number of years. What stands out most to me about Vincent looking back -was how well-mannered and gentlemanly he was (and still is today). He was very different from many of the young men I, and many of my friends, dated at the time. He was a grown up. He never used foul language, he never drank to excess, he never used drugs, and he never got into fights or even raised his voice. We were young and we spent a lot of time in clubs – but it was always clean, safe and drama-less fun. Vincent was raised to respect women and people in general, so I always felt safe in presence. His soft-spoken and gentle demeanor are what I believe drew me to him in the first place.

Over the years Vincent and I have stayed in touch as I built my career (as a single person living in Manhattan) in banking (American Express, JP Morgan Chase, Citigroup, Lehman Brothers, Bank of NY Mellon) and then more recently in technology (Xerox and SAP). During my career there were ups and downs, obviously market crashes and 9/11 stand out as times when there was extreme stress and volatility in my life. Vincent has always been the "adult in the room" and the one person I always knew I could turn to for advice and moral support should I ever

need it. He's consistent, reliable, highly intelligent, and genuinely generous, empathetic, and concerned.

Whenever I speak to Vincent his first question is always, "how are your parents?". Vincent was raised very similarly to how I was raised with a Roman Catholic background and education. Family is very important to him and he has the utmost love and respect for his mother and two sisters. I very much admired his dedication to them over the years – with his mother's lung disease treatment standing out as a time where Vincent made caring for her his #1 priority. If I remember correctly, he slept in the hospital the entire time she was there – never leaving her side. Not too many young men willingly accept the kind of responsibility he has happily assumed for his mother and sisters his entire life.

Vincent doesn't take himself too seriously. He is never one to brag or judge other people. He has a very jovial demeanor and always tries to see the humor in things, even when they negatively impact him. He's had to endure a lot of personal emotional pain, stress, and loss in his life – and he's done it with dignity and class. I've always admired his strength and ability to bounce back from personal challenges without feeling sorry for himself. He's always more concerned about other people.

I have a unique connection to Vincent. I've known him my entire adult life, I love him very much, and by association, I love his mother and his sisters as well. I know his being gone will be very hard for them, as he is their rock, particularly his octogenarian mother who isn't in the best of health. I pray for them during this extremely difficult time, and I pray for Vincent as I know he is more worried about them than he is about himself.

Please consider all that I've shared with you in your determining his sentence on July 19. He's never been in any kind of trouble before. He's a kind, dedicated son, brother and friend who is absolutely no threat to the community. Quite to the contrary, Vincent is someone many people rely on, including myself, for emotional and moral support.

Respectfully,

Karen A. McDermott

# EXHIBIT 18

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Marrero,

My name is Kate Ottenberg, and I currently reside in Washington, D.C. I own Modern Memorials, an e-commerce store that sells a curated collection of high-quality memorial urns and jewelry.

I recognize that Vincent has been convicted of a crime and will appear before your honor for sentencing.

I met Vincent in 2005, through mutual friends while I was living in New York. Although we dated for a period of time, our friendship has far outlasted the romantic part of our relationship. I want to share a few observations about my longtime friend.

First and foremost, Vincent has devoted his life to his family. His mother and sisters are his world. He would drop anything to take his mom to an appointment, run an errand for one of his sisters or take everyone to a Broadway musical — which may not have been his thing — but he never complained! Sometimes, when out to dinner, he'd sheepishly order something light because it was his second dinner. He'd never turn down his mom's cooking, but more importantly, he would never miss an opportunity to show his gratitude and love for her.

During our most recent conversation, his first (and only) concern was for his family, and his desire to mitigate any more hardship or heartache for them. I have never met anyone so devoted to one's family — it is the most pure and uncomplicated aspect of his life.

Vincent is not a show boater. He's quiet and reserved, and doesn't let in many people. But for the few outside of his family who truly know him, he is a loyal and considerate friend who shows up. Shortly after his father died, while he was still grieving with his family, I was mugged late at night in the rain, near my apartment. In a panic, I dropped my phone in a puddle, and without a landline (and having memorized few phone numbers at the time) he was the first person I called from my building's front desk. There he was, 20 minutes later, after 1am, just to give me a hug and sit with me while I calmed down.

Many years later, when I first told him that I started a business in the funeral industry, he didn't balk at it like many others did. He asked thoughtful questions and helped me talk through the challenges I faced in developing my idea into reality. Some of his ideas - like selling wholesale to funeral homes and manufacturing my own urns - have been integral to my business. I can

confide in him without ever feeling judged, and I know how deeply he cares about my happiness and success.

I've witnessed some of Vincent's other friend's express similar sentiments. He has a high school friend who privately told me that Vincent helped him get by (without judgment or concern about reimbursement) after he lost his last job. Another longtime friend, who achieved high success but lost it all, said that Vincent was one of the only people in his life that stood by him when things went sideways. Vincent doesn't care about his friends' social standings or status. He's a loyal and supportive friend, no matter what.

Since I moved to D.C., Vincent has always been one of the first people I would call when visiting New York. Throughout the years, he has helped me navigate through heartbreaks, family issues, work drama, and so much more.

I hope you will take this into considering when determining the sentence of this kind and genuine man.

Respectfully,

Kate Ottenberg

Kate Ottenberg
President, Modern Memorials
1700 Q Street NW
#4
Washington DC, 20009

# EXHIBIT 19

Marco Maccioni
9505 SW 67th Avenue
Miami, Florida   33156

May 13, 2019

Honorable Judge Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Sentencing Vincent Esposito

Dear Judge Marrero:

I am writing this letter on behalf of my friend Vincent Esposito who had pleaded guilty and is due to be sentenced shortly. I am Marco Maccioni and have lived in New York until recently, working as president of Le Cirque Restaurant and its subsidiaries, founded by my father in 1974.

I have known Vincent Esposito as a good friend since our 1st day at Loyola High School in September 1981. We shared almost all of our classes during that period as well as in college as we both attended and graduated New York University. Whenever I missed school, I could count on Vincent to bring me my homework assignments. Throughout college, on our extended breaks between classes, Vincent would ask me to join him in checking on his grandmother, who lived in Little Italy. She was in the beginning stages of Alzheimer's Disease and he had a true concern for her well-being. Vincent made sure to pick up groceries for her so she would have a well-stocked kitchen as she loved to cook and he didn't want her to carry heavy bags up three flights of stairs. The patience, care and attention that Vincent showed towards his grandmother was truly impressive.

Throughout that time and to the present, Vincent is a friend who has always demonstrated to be a loving, caring, and devoted person to his family, to his friends and their friends. I have always admired the sense of responsibility he has towards the well-being of his mother Olympia and sisters- Lucia & Carmela. I was touched when Vincent came to my wedding in Italy knowing that he had never allowed himself to be far from his family.

Vincent has always been a solid and upright person with respect to me and has really been there especially in my times of difficulty. Vincent would visit me at work often to show support when my father suffered illnesses in recent years and offered to accompany me late at night to the hospital. I could always count on a phone call from him to see how I was holding up as he knows how important my family is to me.

It was Vincent's vow to help a mutual friend suffering from depression, that epitomizes his caring character. After the passing of our friends' mother, which also coincided with the breakup

Honorable Judge Victor Marrero
May 13, 2019
Page 2

of the woman in his life, our friends' illness had overwhelmed him so much that we feared for his life. With no relatives for our friend to turn to, it was fortunate that Vincent took it upon himself to ensure he received the professional attention, therapy, support and friendship that enabled his rehabilitation. Vincent's care has no limit nor expiration. While everyone else was too busy with their own lives, Vincent's dedication is the reason our friend is still here with us today.  Vincent recognized what needed to be done and did it. He has never boasted about the help and assistance he provided.

Judge Marrero, I am respectfully requesting the mercy of this court when Vincent is sentenced. I hope that you will give heartfelt consideration to my belief that Vincent is a decent and respectable individual; along with that it is his first offense, he served more than a year of home incarceration, when you make your ultimate decision at the time of sentencing.

Thank you in advance for your time and for your consideration.


Sincerely,

Marco Maccioni

# EXHIBIT 20

Carmel Pizzino
1444 80th Street
Brooklyn, New York 11228

May 3, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Your Honor,

I write to you, on behalf of Vincent Esposito as you consider his sentence in the case before you.

I have known Vincent since his birth. I have been close friends with his mother, Olympia for over 80 years and our children are contemporaries. Olympia and I grew up in a tenement, on the Lower Eastside, that my parents owned. Eventually, Vincent was born and was raised by his mother and maternal grandparents, until his early teenage years. We all basically functioned as a family unit. Our families are extremely close and I have seen firsthand Vincent's care for his family, and his kind nature.

From a very young age, Vincent would help his grandparents at their family grocery store. When Vincent's grandfather developed severe emphysema, I recall it being a chore for him to walk around the block without stopping to catch his breath. When he finally made it home, I remember young Vincent running down the stairs to carry his grandfather's heavy winter coat and hat up the three flights of stairs in order to make it easier on his grandfather. That's the Vincent I know.

In his adult years, Vincent cared for and monitored his grandmother, who was diagnosed with Alzheimer's disease. On quite a few occasions, his grandmother went missing. Vincent did not return home until he found his grandmother and made sure she was safe. Shortly after these few instances, Vincent's grandmother was moved to live at their home, where the entire Esposito family cared for her, like she deserved.

As I reside in Brooklyn, Vincent has driven his mother to visit with me a few times a year. Fostering our friendship, these social gatherings along with other family events (weddings and holidays) have taught our children the importance of family. Sadly, the last few years I have become ill and my friend, Olympia has declined in her health, so our frequent visits have ceased. I have seen for myself, how much Olympia relies on her son, and I know she will endure hardship during any time he is away from her. As she (and all of us) grow older, that type of reliance is literally critical to our very survival.

1

Carmel Pizzino

As a parent, I have instilled an obligation of responsibility in my children, and I know my friend, Olympia has done the same. It is my understanding that Vincent has taken responsibility for his actions, and if appropriate, I would hope you would take that into account as you weigh a suitable resolution in the case. Please consider Vincent is a son, and loving brother and his family is of utmost importance to him. I know if you show him leniency that it will not go squandered – and that he will use such an opportunity to give back – to his family and to the community.

Thank you for taking the time to read this. These are not hollow words, I believe them and I appreciate your consideration as you render your decision.

Sincerely,

Carmel Pizzino

Carmel Pizzino

# EXHIBIT 21

Olympia Esposito
67 East 77 Street
New York, NY 10075

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

June 25, 2019

Good Day Judge Marrero:

My name is Olympia Esposito and I am proud to say that I am the mother of 3 wonderful
college graduate children; Lucia, Vincent and Carmella.

While my children were very young they mainly grew up with my parents and me. All three of
my children had the unfortunate task of helping to care for ill grandparents. My mother was
diagnosed with Alzheimer's disease and my father had advanced airway disease. As well, their
own father suffered from mental illness and had multiple major heart surgeries including aortic
aneurysms and the replacement of his aortic valve on two occasions. As for myself, I too have
had my share of illnesses.

However this is really not about us; it is about my son Vincent's character. Every parent wishes
to portray their child as the best. As for myself, Vincent is the best, as are my girls. He has
never given me any trouble or caused me any problems. Vincent is a very fun loving person
who loves to laugh and have a good time. He is always kind and considerate to all who know
him as well as to strangers. Actually, I can truthfully say, I do not know anyone who doesn't like
him. He just seems to have been blessed with that special quality. To say he is my rock, is
putting it mildly. He is the anchor to my life.

Vincent has been a caretaker by nature since youth. Before my dad became ill, he and my mom
owned a grocery store and sandwich shop. Vincent spent much of his time after school and on
weekends in the store with my dad, who taught Vincent how to be respectful and to mind his
manners. Vincent would always stock the shelves and fill the soda boxes with back stock from
the basement to save my parents from repeatedly making the stairs. When my dad became too
ill to spend time in the store, it was Vincent who helped care for him at home. He would shave
him, keep his nails trimmed, help him in and out of bed and keep him company. I was proud to
see my son being such a caring person to my father who instilled in him to care for others
before himself. Vincent learned well. When my mother became too ill for home care and
needed nursing care, all of us would take turns to see her each day even though she did not
recognize us. With all of Vincent's' dad's major surgeries, he visited him every day at the
hospital and again helped bring him home with loving care.

Through my bout with lung cancer, he was with me constantly. He slept in my hospital room every night. With my knee replacement surgery, he helped me with therapy and until this writing he sees to it that I do my exercises daily.  He has an innate sense of how to take care of me when ill; he always seems to know how to take care of me and when I should be using my Breathing machines.

Vincent has always been our "go to" when it comes to anything medical. I have a physician who calls him "Dr. Vincent" because he always makes the right decisions for me. The past 18 months, due to his restrictions, he was not able to attend doctor appointments with me. Vincent, still needing to have input and be involved in my treatments, he thought of the next best way to participate; he asked to be placed on speaker phone to hear the course of action, medication and how my conditions have progressed; all of my doctors welcomed this without knowledge of why Vincent could not be present. This helped me feel assured, while the doctors, who always saw Vincent at my appointments, were open to this so he remains abreast of all of my medical conditions.

My cousin, who had a stroke at a young age, adores Vincent and looks forward to seeing him. He is an almost constant in her life and helps her in every way he can.

Vincent has made an unshakable commitment to his family and friends. He is a responsible person. His schoolmate asked him to be guardian for one of his twin children and of course Vincent said yes, lovingly.  A few years later this same friend asked Vincent to be executor of his estate. He has five children. This speaks incalculably for Vincent's character in being dependable, honorable and trustworthy.

When there are two families with one parent for a father figure, sometimes a Green Eyed Monster comes into play. This of course is unfortunate, but is the reality of this situation.

It is said that it doesn't get darker than midnight. However my home will most certainly be darker without Vincent, not only at our table but without his presence.  When one reaches my soon to be 85 years, they do not have many people to care about. Aside for a few cousins, all I have are my children.  During these last 18 months, I have missed him taking me grocery shopping and also going to mass on Sunday, where he was very often chosen to pass the donation basket. Vincent is not only my main support and caretaker, his presence is needed for my daughters; they are inseparable.

In closing Your Honor, I am respectfully asking for leniency for my son Vincent. He was incarcerated for 3 months without my seeing him and he has had home incarceration for approximately 15 months.  I will be lost without my son, so if additional confinement is warranted, I request it be in my home. I will truly be lost without him.

Sincerely,

Olympia Esposito

# EXHIBIT 22

**Kimberly Babecki**
35511 Del Rey
Dana Point, CA 92624

Honorable Victor Marrero
United States Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

May 8, 2019

Dear Judge Marrero:

My name is Kimberly Babecki. I have known Vincent Esposito for twenty years; he is my
brother in law's closest friend. I lived with my brother in law, John Cassarini, for many years
and would see Vincent frequently visiting my family. During this time, I always saw Vincent
being a devoted and loving friend, brother, son and "uncle". He always put his family's needs
first. His love and dedication for his family was evident every time I was in his presence. From
the extreme care and concern he showed when his mother was hospitalized with lung cancer to
checking in on his sisters to ensure they arrived home safely; he is an exceptional sibling and
son.

When my brother in law decided to move his family from New Jersey to California, Vincent
traveled to help them adjust. Vincent showed enormous patience with the 5 children (one set of
newborn twins, one set of twins 4 years old and a 14 year old.) He was always game for the next
activity; whether it was to go grocery shopping, help unpack boxes, or read a book to the kids.
When Vincent arrived at the house, and saw that we had a pool, one of the first things he did was
schedule a gate to be installed because none of the children knew how to swim. He started to
teach the 4 year old twins how to float but I recall him stressing to them that they could not go
near the pool without an adult present. His diligence in his concern, I learned much later, was
because he had rescued 2 children from drowning. Each morning the 4 year old twins would
wake up "Uncle Vincent" with their bathing suits on and ready for the next lesson. In the midst
of settling the children to their new home, Vincent possessed an impressive inner cohesion.

Vincent is very generous and has a kind heart. He opened his home to me to share Thanksgiving
the year my parents passed away. He and his family were so warm and welcoming to me and
they made me feel like I had known them my entire life, but in actuality I had only known them
for a year. His devotion to his mother and sisters is unceasing and so obvious to anyone who has
known him or is afforded the opportunity to be in their presence.

Your Honor, it must be difficult for you to make decisions like this when you don't actually
know the person standing in front of you, so I hope you will consider my letter and the many
others you're receiving, and understand that Vincent is the kind of person around who people
rally. He is one of the most caring, warm-hearted, selfless human beings I have ever met. I
politely ask Your Honor to show leniency when sentencing Vincent Esposito.

Respectfully,

Kimberly Babecki

# EXHIBIT 23

Carol Cassarini
42 Riverview
Port Ewen, NY 12466

May 8, 2019

Honorable Victor Marrero
United States Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Marrero:

My name is Carol Cassarini and I have known Vincent Esposito for almost 4 decades, as he is my son's close friend. I am John Cassarini's mother and am a retired home maker, secretary, mother of two and grandmother of six.

I have seen Vincent grow from a boy to an adult. Both Vincent and John attended high school together, separated by one year. Loyola High School was an institution which left permanent marks on its students. It fostered life-long friendships and a strong foundation of moral standards. It taught teenagers how to become responsible adults.

People with true character have a well-founded level of self-respect; Vincent exudes this in a subdued manner. I have always known Vincent to be a respectful (to his family and others), polite, considerate and hard working person. When my husband of fifty-three years was on his death bed, Vincent came to our home, chauffeured us to and from the hospital and kept our spirits up. He possesses a level of compassion, depth of insight into human nature and a concern for his friends and family that few in this "me" generation can comprehend, let alone practice.

He has been a wonderful friend to my son helping him through lifes' difficult moments; my son had more than a few, always being a beacon of consistency and reason. When my son was dismissed from his job at Lehman Brothers, due to bankruptcy; he was distraught. Vincent was the person he looked to for support and Vincent rose to the challenge and assisted my son in keeping his life from falling apart. Though they never worked for the same company, their shared interest in finance and real estate investing was a diversion which helped my son overcome this set back. Vincent is calm and rooted by nature, which is exactly what John needed at this time of upset.

The level of regard and care that he shows his mother and sisters is supreme (I have told my son that on more than one occasion). His mother, a lung cancer survivor, battled a horrible ordeal with surgery and chemotherapy. I witnessed Vincent's persistent fight to bring his mother back

to health. He would sleep in the hospital with her, encourage her to walk around the hospital floor as prescribed by the doctors and ensure she was as comfortable as possible. His level of attentiveness was on par with the trained medical staff at Memorial Sloane Kettering.

In summary, this is a wonderful person and man with a strong moral core who has treated me, my son and grandchildren with love and friendship for decades. This is a testament of who Vincent Esposito truly is. I understand he has taken responsibility for his actions so I humbly ask Your Honor to be lenient when sentencing Vincent.

Respectfully,

*Carol Cassarini*

Carol Cassarini

# EXHIBIT 24

Frank Teti, ESQ
1451 80th Street
Brooklyn, NY 11228

May 3, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

I am writing this letter to give you my impression of Vincent Esposito, in connection with your
imminent sentencing of him for conduct which I find totally inconsistent with the person I have
known and admired.

I grew up with Vincent's mother, Olympia Esposito in lower Manhattan. I am 91 years old and
have a long connection with Brooklyn because of my practice of civil law and my marriage to a
resident of that Borough. I have been able to observe Vincent at various social events, two of
which were the weddings of my nephew and my daughter.

I have also seen Vincent at casual meetings and watched him react socially. He was always
friendly and courteous to both his elders and his peers and eager to help with any problem big or
small.

His concern and attention to his mother is well known and honorable. She is well in her 80's but
her physical condition is extremely fragile and one requiring constant trips for medical check-
ups, tests and procedures. Her social life, almost non-existent due to her health, is also fully
dependent on Vincent. Although the task has fallen on him to be his mother's full time aide and
companion, he has assumed that responsibility with no outward sign of annoyance or anger and
without any lessening of the close personal relationship he has with his two sisters.

We all make mistakes and Vincent realizes that he has to pay for his.

However, since he
    1. has no previous criminal record
    2. caused no physical harm in connection with the offense with which he is being charged
    3. poses no threat to society and
    4. his ailing mother relies solely on him for all of her medical and social needs
The Court is respectfully asked to consider a sentence without confinement by taking into
consideration the physical restraints already imposed on him while he was awaiting trial.

Hoping your Honor will temper your ruling with compassion based on the facts detailed above.

I am, respectfully

Frank A. Teti

Frank A. Teti

# EXHIBIT 25

**ANNETTE OSHER, M.D.**

*Internal Medicine*
*Cardiology*
941 Park Avenue
New York, NY 10028
Telephone: (212) 861-6161
Fax: (212) 861-0500
www.oshermd.com

United States District Court
Senior Judge Victor Marrero
Southern District of New York
500 Pearl Street
New York, New York
10007-1312

April 10, 2019

Honorable Judge Marrero,

Mr Vincent Esposito has been my next door neighbor since I moved into 71 East 77 Street ten years ago.

Mr Esposito is a particularly compassionate and caring neighbor. I have seen him helping a disabled elderly man who lives at 57 East 77 Street into his home and carrying his shopping bags when it was extremely difficult for this old man. On one occasion, this man fell down his steps and could not get up, Mr Esposito quickly went to help him and his aide get the man up and settled and up the stairs.
On numerous occasions Mr Esposito exemplifies genuine kindness .

Mr Esposito is a remarkably warm, loving and dedicated son and brother.
He lives with his elderly mother and sister and provides and cares for them
He dotes on them constantly and cares for their well being. .
Often seen together, walking arm in arm, they exemplify a loving family.

In summary, Mr Esposito is a very good neighbor, a compassionate man, and a most loving loyal son.
He is a good man and an asset to our neighborhood.

Sincerely,

Annette Osher.M.D

# EXHIBIT 26

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

May 10, 2019

Your Honor:

My name is Deirdre Chiaramonte. I am a veterinarian living and working in New York City. I was fortunate to meet Vincent halfway around the world June 11th, 2010 in a small town, Montecatini Terme in Italy. We were each invited to a wedding by our mutual friend, Marco Maccioni. I was months pregnant however it was not public information.

Vincent and I happened to be seated next to each other at the rehearsal dinner on Friday, June 11th, 2010. The tables were very long picnic tables, approximately 30 feet in length. To the left of me sat Marco's NYC friends and to the right of me sat his high school friends, which included Vincent. It was very hard to navigate as there were no individual seats – just long, high backed benches. Every time I had to use the bathroom, I had to ask multiple people to slide down the length of the bench to let me out. Being six months pregnant usually means many trips to the bathroom. That entire evening Vincent would help me climb over the bench so I didn't have to disrupt everyone around me. And when I came back, each time he would elegantly help me back over the bench so I could get to my seat without disturbing everyone. At the end of the evening he made sure I had a ride to my hotel and even checked on me later to make sure I made it to my room.

The following day during the wedding reception, and for the rest of the weekend, he made sure I had enough to eat and that I was not alone while attending the wedding by myself. The rest of the weekend was wonderful. I was able to spend a bit of time with Vincent and his friends. He was always a perfect gentleman.

After returning home from the wedding, weeks later, Vincent called me and invited me to lunch. He commented that I looked well and had even lost weight. I did let him in on a little secret that I had just given birth to my daughter (early). He, like everyone was surprised as he did not know I was pregnant while at the wedding. This led to a long discussion with Vincent and one that we would continue over the years, that he wanted to become a father. With Vincent, having those conversations sometimes touched on sensitive issues; family, health issues, health care systems, responsibility, etc. Not a decision he was making lightly.

Sometime later we had some conversations revolving around him wanting to get a dog. More often than not I'm faced with people that buy a dog and ask questions later, being completely unprepared for the responsibility. Vincent did all of his homework beforehand and was sending me pictures of potential dogs, sires and dams and really trying to understand the amount of responsibility that goes into dog ownership, especially in New York City. He ultimately decided not to get a dog at that time, but I did think him to be very wise not to just come home with a puppy.

My youngest sister, Caitlin, is in the Army JAG corp. She met Vincent a few years ago when she was visiting me in New York City. Vincent always asks me how she is doing and if uncle Sam is treating her right. Every time she comes up to visit he likes to spend time with her to make sure she is doing OK.

Over the past several years Vincent and I would hang out with friends, go out for drinks and talk about normal issues in one's life. I always appreciate his gentlemanly ways; when dining at a well-known restaurant or a pizza joint late at night. He always offered to pick me up on the way and to always drop me off on the way home when the evening was done. In fact, in all the years I have spent in Vincent's good company there was never a time where he was nothing but a wonderful human being to me and anyone else we encountered.

That being said I recognize that Vincent has been convicted of a crime and will appear before Your Honor for sentencing. I believe he has been a model inmate and behaved well at home. I would ask the Your Honor to be lenient when sentencing Vincent so he can continue to care for his mother.

Respectfully,

Deirdre Chiaramonte

Deirdre Chiaramonte, DVM
Diplomate American College of Veterinary Internal Medicine
Certified Canine Rehabilitation Therapist
Certified Equine Rehabilitation Practitioner
Certified in Veterinary Acupuncture

# EXHIBIT 27

John Cassarini
35511 Del Rey
Dana Point, California 92624

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

May 4, 2019

Dear Judge Marrero:

My name is John Cassarini and I am a father of five and have been a Portfolio Manager on Wall Street for twenty years. I was one of the youngest managing directors at Lehman Brothers. I first met Vincent Esposito in September 1981 when we both attended The Loyola School in Manhattan. His sister, Lucia, was my classmate and he is a year younger, but we developed a friendship which has grown steadily throughout the ensuing thirty-seven years. He is guardian to all 5 of my children.

Throughout the next thirty-eight years, I have known Vincent to be a kind, generous and responsible person who has been a wonderful friend to me, my family and fellow friends. Vincent is the type of man most do not notice because he is reserved in his presence. His character exudes a soft self-discipline though he has a sense of humor which has raised my spirits on countless occasions. He is the friend I depend on for genuine support and elevation. He doesn't boast of the impressive work that he does. He is just pleased to help people around him. He recognizes what needs to be done and does it. His mind is consistent and his heart is dependable.

My many positive experiences are too many include in a letter, but I will highlight a few. The night my mother called to inform me that my father had entered a terminal coma and would soon pass, Vincent dropped what he was doing and drove over two hours to console my family. He stayed the night, in uncomfortable sleeping arrangements, reliving every photo my mother had of my father and was cheerful and kind during the worst day of our lives. The following day, he came to the hospital to pay his respects and tactfully left an hour before my father passed. Only a person of strong family ties and a responsible loving friend would endure such a depressing chain of events. I will always remember the kindness and love he shared during a very difficult period. A few weeks later, my family welcomed newborn twins to the world. The boys were born in California; I lived in New York at the time, and was planning to make the trip with my three young children. Vincent, knowing I was still mourning the loss of my father, once again dropped everything he was doing and came to California for ten days. He acted as cook,

babysitter, chauffer and My man Godfrey for the entire trip. When he wasn't teaching my son to throw a ball, or teaching my 4 year old twins how to swim, he was doing the grocery shopping and then consoling me how my newborn twins would never see their grandfather. Vincent did this with a smile on his face and never seemed to tire. Vincent continually uses his energy to not only lift himself up, but also his family and the people around him. His sense of family, generosity and decency is unparalleled. These are moments and acts of kindness in life one does not ever forget.

While I was a Managing Director at Lehman Brothers the firm filed for bankruptcy, an event which cost me the majority of my net worth. I was devastated. It was a very emotional night and people were going to the office to pick up belongings. I called Vincent for support and he drove me to the office and waited in his car (I forget how long I took but I wasn't quick) as I packed up my personal belongings. Vincent stayed with me afterward, we had dinner and he cheered me up. The following day my anticipated fears were confirmed. Lehman had locked out all its employees without an opportunity to retrieve any personal belongings. If not for Vincent I would not have gone to the office that night. The depths of his kindness and decency to me and my family are limited by my words. His actions throughout the decades are much louder.

Vincent has lived at home (the same home for over thirty-five years) his **entire** life with his sister, Carmella, and his mother. He rarely leaves New York for an extended period of time. His ties to his family all who live in New York are very strong – they are inseparable. Throughout the years, I have gone to dinner with his family as well as dine in their home, countless times. I can firmly attest to the closeness and love they all share. I recall an afternoon where we were in downtown Manhattan, looking at a possible real estate investment, and Vincent suddenly said we have to go uptown, which seemed odd given the traffic and our plans. Vincent's mother had a doctor's appointment *less than a block away from her home*, but Vincent felt such responsibility to his family to interrupt his day to travel uptown to take her (most kids today cannot take out the garbage).

As mentioned earlier, I can cite numerous more examples of his responsibility, kindness and sense of family. This is the Vincent Esposito I have known for the past thirty-eight years. I'm sure Your Honor is extremely busy but I hope you have an opportunity to read this letter. It is the least I can do for Vincent in hopes of him receiving the least possible sentence.

Most Respectfully,

John Cassarini
(917) 750-5031

# EXHIBIT 28

April 29, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Gina Sandella
115 East 9th Street, #3C
New York, New York 10003

Re: Request for leniency for U.S v Vincent Esposito

Dear Judge Marrero,

My name is Gina Sandella. I am a lifelong resident of New York City, where I presently live with my teenage son and where I am employed (for over 20 years) as a loan officer in an international commercial bank. I have worked in the finance industry for almost 30 years. I am also a graduate of New York University (BA Economics, 1990) and completed post graduate studies at NYU's School of Professional Studies.

The reason I am writing today is to request leniency in the sentencing of my dear friend, Vincent Esposito. Vincent and I were fellow students at NYU but have known each other since we were teenagers, for over 30 years now. We socialized in the same circles and grew our friendship once we entered into adulthood. We remain close friends today. I hope, your Honor, that by writing I may be able to offer a glimpse into the Vincent who I know - whom I have always known- to be a very decent person and an individual of high moral fiber.

The Vincent I know is, first and foremost, a loving and devoted son and brother. Vincent's family means *everything* to him. Vincent is and has been the primary caretaker for his mother, taking her to doctor appointments, shopping and cooking for her, among several other important functions he performs. Undoubtedly, he will be sorely missed by her. If there's anything I know and can assuredly say about Vincent, it is that his mother and sisters are his life. I know that he regrets the toll his case has taken on them and, if he could, he would take back every single action that has led to his precarious fate.

Your Honor, please know that every single day Vincent will spend away from his mother, now in her sunset years, will pose a far greater punishment for him than his actual sentence. He will live to regret the time he has forfeited with her. Given Vincent's strong sense of devotion and duty, it will be a heavy emotional burden for him to bear knowing that he can no longer provide the necessary care for his mother and that she is suffering alongside him. If not for Vincent himself, I would ask please that mercy be shown for the sake of Vincent's mother.

I am certain that, if given the chance, Vincent would spend his years atoning for his actions and proving himself to be the respectable person I have always known him to be. Over the years, I have had the opportunity to witness the good that lies in Vincent. Every year at Thanksgiving, for example, Vincent would present my cousin, a reclusive individual, with a full turkey dinner. This was for no other reason than out of compassion for a less fortunate soul. Then there were all the times Vincent has been a pillar of support for his friends, and to this I can personally speak. As a single mother, I always took comfort in the knowledge that I could rely on Vincent to lend an ear and offer guidance whenever I struggled with parenting issues. Similarly, I knew I could count on Vincent to always "be there" for my son. There was this one time, for instance, when Vincent lifted the spirits of my then young son by surprising him with four tickets to a game at Yankees stadium. It was my son's first game ever, so you could imagine how tickled he was to receive such a gift– and to have been able to invite his friends to join him! Beyond a show of generosity, this was an act of care and kindness – of showing my son he had an older male in his life who appreciated him. I always have been very protective of my son, but seeing how Vincent interacted with him - how modest and sincere he was with him- showed me that he was a man whom I could trust to be around my son and to have a positive impact on his life.

While not a parent himself, Vincent has a soft spot for children and I can recount several times where he would gush about visiting with his young godchild; his fondness was palpable. Clearly, Vincent values the close relationships he has fostered, and I know that in his heart he is extremely sorry for the way he has disappointed his family and friends.

Your Honor, while I understand that Vincent is awaiting sentencing for having done things that have offended this court, I can honestly say, as his longtime friend, that he has expressed to me deep remorse for his actions. I have known Vincent to be always a person of integrity, which is why I confidently can say that I am sure, if shown leniency, he would work his earnest at earning back the trust of his family and friends and this court.

I appreciate how difficult it must be for you to make decisions like this based on my convictions as someone unknown to you and about someone whom you do not know personally. But I hope through my letter and perhaps the others you are receiving that you will come to know the decency that lies within Vincent, the kindness and humility that resides within his heart, and his capacity for redemption that is already paved by his deep remorse, and I humbly ask, for his sake and that of his mother, family and friends, and that you please let this influence your decision.

Thank you for your time and consideration.

Sincerely,

Gina Sandella

EXHIBIT 29

April 26, 2019

To the Honorable Judge Victor Marreo:

Your Honor, I am Sean Gelfand of Staten Island New York. I have to come to know Mr. Vincent Esposito over the last year while being tasked as his security. I am a retired New York City Police Sergeant with 21 years of experience in law enforcement. I am also a family man who is married 21 years with two beautiful children.

Your Honor, I am aware of the serious crime Mr. Esposito has plead to but I would like to take the time now to share another picture of what I have seen in the last year. In getting to know Mr. Esposito, I noticed him to be kind and courteous right away. I also witnessed on more than one occasion; Mr. Esposito with his mother and how he takes great lengths to care for her in taking her to doctors appointments and generally treating her in an exceptionally loving manner. I also observed the close relationship between him and his sisters with whom he is especially kind. While traveling back and forth to his council's office we got to know each other and shared personal stories. I have mentioned my children, one of whom has special needs. Mr. Esposito always makes a point to ask about my children, especially how my child with special needs was doing. While approaching his residence he would often be greeted warmly by his neighbors.

In closing your honor, I hope for you please take into consideration the very decent character that I have observed over the last year as part of your final decisions regarding Vincent Esposito. Thank you for your time and consideration of all I have shared here.

Respectfully,

Sean Gelfand

# EXHIBIT 30

Serafina Fiore
1623 3rd Avenue   Apt 24J
New York, NY 10128

May 8, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Honorable Victor Marrero,

My name is Serafina Fiore. I was a manager in the hospitality industry for my entire professional career, approximately 30 years. Eight years ago I was diagnosed with CLL/AML Leukemia. I am writing this letter on behalf of Vincent Esposito who is due to be sentenced shortly. I have known Vince for almost 10 years; we met thru mutual friends.

During the last three years, I have been undergoing intensive chemotherapy treatments. This has left me too ill to continue to be employed. Vince is someone who I have relied upon to help me in my battle with cancer. It is a testament to someone's character that they put their own problems aside and take the time to lift somebody else's spirits and moral up... that is who Vince is to me. He has shared with me, the turmoil his mother endured with her lung cancer and chemo treatments. The compassion he has shown me is truly astronomical.

I am a single woman parenting my cat Gunther. During my frequent hospital stays, I feel a tremendous amount of guilt to leave Gunther alone. Vince has helped me on many occasions to check in on Gunther~ feed him, change his water and even his litter box. I have recently learned that Vince has asthma and is allergic to cats. To know that Vince went out of his way to ensure my cat was cared for while putting his health in jeopardy, exemplifies his caring and selfless ways.

Much like anything else, when one gets sick or things go bad in your life the opportunistic people that were around, fall to the wayside; that is not Vince. His kind words, support and quiet strength have pulled me out of many dark holes. When I mentioned that even comfortable items of clothing that I wore to chemo and radiation treatments were almost unbearable to have touch my skin; in a matter of days Vince sent me a care package of the most high quality shirts and pants.

During one hospital stay, I mentioned to Vince that I was excited to watch the upcoming Super Bowl and one thing I missed was attending Super Bowl parties. Because of my compromised immune system, my doctor's advised that I shouldn't be around large groups of people. Thankfully I was released from the hospital in time so Vince gathered a small group of five friends and catered a viewing of the Super Bowl in a private lounge room in a friends' apartment building. This was very special~ the fact that he remembered something I mentioned

1 |

and then executed it for me made me feel good. When one is really sick, like I am, just going to something like that is a tremendous occasion and gave me a happy memory.

I recognize that Vince has wronged society in the eye of the law and I am not discounting that at all. I know that Vince understands and accepts responsibility for what he has done. I also know that when I needed someone to give me hope when things were really bad and when I was hurting, I could always count on Vince and truly will need him around for the rest of my war against Leukemia.

Your Honor, please exercise as much leniency as possible when determining the appropriate sentence for my friend, Vincent Esposito.

Sincerely,

Serafina Fiore

# EXHIBIT 31

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street New
York, NY 10007

**RE: Character Letter for Vincent Esposito**                    May 19, 2019

Dear Judge Marrero;

I would like to offer my assessment of Vincent Esposito's character in the hopes of showing a
fuller view of a selfless man.  I have known Vincent and his family for over 30 years.  He was my
dad's best friend, up until his passing at the beginning of the year. My dad and Vincent
maintained daily contact up until Vincent's incarceration in January 2018.

Two decades ago, my professional work led me to move to Italy where I opened up my own
business. I would do my best to make trips back to New York City to see my dad, but was
reassured that he had Vincent as a close friend. In the more recent years, my dad developed an
autoimmune disease and then esophageal cancer.  While my dad struggled with finding a doctor
to pinpoint his autoimmune disease, he turned to Vincent for help with talking with each and
every specialist. My dad could not understand all the conflicting diagnoses and was truly
defeated. Vincent was a strong source of support for my dad, his wife and my half siblings.

Once my dad was diagnosed with cancer, Vincent was the most constant friend present for my
dad, once again. He would not only accompany him to doctor's appointments but lend the kind
of support that one would only expect from a close family member.  It was never too late or too
early in the day to call upon Vincent when my dad needed assistance; whether it would be
calling one of his doctors to understand what adjustments were needed with my dad's care and
medication or just to talk about how my dad was feeling. My dad always told me "We become
happy by what we give." What Vincent gave my dad was his time, his energy and sincere
friendship. His soft spoken demeanor and presence helped calm an otherwise chaotic
environment. These gifts had a positive impact during otherwise grim days. It has left a lasting
impression on me and my siblings.

Kindness is an insanely powerful trait and yet often overlooked.  Vincent's kindness is unparalleled. I
have always known him to show tremendous love, commitment and genuine respect for others.  He
has a passion for helping others and excels at that. During the last week of my dad's life, he told me
his only regret would be that he couldn't beat cancer in order to reciprocate and show support for his
friend Vincent, in his time of need.

I understand Vincent has pleaded guilty to a serious crime. This situation and Vincent's conditions
have put an enormous strain on his elderly mother, sisters and close friends.

I sincerely hope this letter will be recognized on Vincent's behalf and that leniency be shown for the
person he really is.

Respectfully,


Vincent Macagnone
190 Third Avenue
New York, NY 10003

# EXHIBIT 32

# Gloriana Macagnone

143 East 17 Street Apartment 3RD New York, NY 10003

May 10, 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

My name is Gloriana Macagnone. I am 23 years old and a student at Columbia University Teachers College pursuing my Master's in Elementary Education (general and special education). I know Vincent through my father, Anthony Macagnone, who passed in January 2019 from a long battle with esophageal cancer. I recognize that Vincent has been convicted of a serious crime and will appear before, Your Honor, Judge Marrero for sentencing. From my experiences and the deep love Vincent has shown me, my family and my father, I believe Vincent deserves leniency for his sentencing.

My earliest memories of Vincent make me smile. I've known him my whole life and grew up thinking of him as an uncle. He was often at our apartment at dinnertime. I remember him and my father sitting together laughing and smiling about their childhoods in New York City. Vincent looked up to my father in many ways, but I believe it was my father who relied on Vincent as a sense of inspiration, stability, and strength. After spending time with Vincent, my father would be visibly more calm, at peace, and happy. I haven't seen anyone else have such a great impact on my father and their bond was truly special.

Vincent supported my father through illness and emotional struggle. That loyalty and goodness continues to inspire me each day. His dedication to friendship and family made my dad a better person, made my family closer, and informed the way I foster and cultivate my own relationships.

While Vincent was always there for my father, he also acknowledged to me and my sisters the difficulties our father often imparted onto us, something few of my father's friends did. With that acknowledgement came him always being sure to check in on how we were doing and feeling; Vincent always had a deep care for the well being of me and my sisters, and before Vincent's arrest, every single instance of familial difficulty in our life was ameliorated by Vincent's love and support. Vincent's ability to be a huge source of strength for not only my father, but also the rest of our family, is a testament to his selflessness and care.

I haven't seen Vincent since before his arrest. His absence has been heartbreaking for my family, and me especially after the passing of my father. I am asking, Your Honor, for leniency so Vincent can remain home with those who love him and care for him very much.

Respectfully,

Gloriana Macagnone

# EXHIBIT 33

# ARNOLD H. SIMON

5/7/2019

Arnold H. Simon
10778 Versailles Boulevard
Wellington, Florida  33449

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY   10007

Dear Judge Marrero,

I write to you on behalf of my long standing friend, Vincent Esposito. My name is Arnold
Simon and I am a father of four. I have been in the apparel business for most of my career. I
was the CEO of Designer Holdings Ltd, the 125 year licensee for Calvin Klein Jeans and
casual apparel. I was responsible for taking the company public on the New York Stock
Exchange with revenue in excess of $580 million. Ultimately, I sold the company to
Warnaco. I am most notable for being a trustee at NYU Hospital, holding the Arnold Simon
Professorship in Child and Adolescent Psychiatry and am on the Board of the Clinton
Library.

I have known Vincent Esposito for over 25 years. We were introduced by his high school
restaurateur friend, during a fundraiser at NYU Langone Child Study Center; a worthy
charity concentrating on mental health and developmental disorders in children. During this
initial meeting, we spent considerable time talking and I found Vincent to be intelligent,
compassionate for the cause, and as a young man to have an old soul character. We
exchanged contact information and to this day, I consider him to be my most trustworthy
and treasured friend; even though he is 20+ years my junior.

Our friendship grew, after this initial introduction and we would have dinner monthly and
attend other charitable events together. Then thirteen years ago, my son Scott was in a
terrible accident. He expired in the hospital. Once revived, 15 minutes later, he had
suffered serious brain damage. The first person to show up at the hospital, aside from my

family, was Vincent my true friend. Subsequently, Vincent would meet me at the hospital and the rehabilitation facility to visit my son and offer support to me. Vincent has always been someone I could count on! In all the years I've known Vincent I've only known him to be a generous, big hearted and an honorable human being.

I consider Vincent to be a true gentleman and not capable of hurting or harassing a fly. In our long standing friendship I have never suspected him of being anything other than a smart real estate investor and businessman. I was truly surprised that my dear friend, of over two decades, could be accused of any wrong doing. I knew Vincent at the time when I owned Calvin Klein Jeans. He never even asked me for a pair of jeans or a t-shirt. It appears that if he was anything like that he is being accused of; my company would have been a prime target.

I can assure your honor, this man is not a risk to society but instead is a true asset to society. He is kind, loving and compassionate. To know the true person, is to see his genuine care and concern for his elderly mother. When she was diagnosed with lung cancer, Vincent was devastated. He was diligent and continues to be her point person in interacting with her doctors in managing her care. I would only hope that any one of my children could match the level of empathy, care and detail that Vincent shows his mother. Vincent does not share his family with many people, but I have been fortunate to be in their company over the years. The bond and interaction amongst them is admirable and quite frankly extinct in today's society.

I know Vincent has been under institutional incarceration and strict house incarceration for the last 17 months. I implore your Honor to consider Vincent be sentenced to assist in a charitable environment instead of being incarcerated, where he does not belong. If deemed additional incarceration is warranted, please strongly consider home incarceration, to lessen the burden on his elderly mother in her twilight years.

If I could say more good things about a person it would be Vincent Esposito.

Thank you for taking time to consider my letter and I hope I have enlightened you to the true, Vincent Esposito.

Respectfully,

Arnold Simon

Arnold H. Simon

EXHIBIT 34

1058 Foxchase Drive
Apartment 270
San Jose, CA 95123

10 May 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Marrero:

I am writing on behalf of Vincent Esposito whom I have known since 1982 when we were classmates at Loyola High School. I have a Master's degree in Biology and although originally from New York City, I have resided in California since late 2015. The purpose of this letter is to provide a fuller picture of Vincent and explain why he is such a close, dear friend. I hasten to point out that although I am highlighting positive aspects of Vincent's character, I am not implying he is perfect – no one is, of course.

Vincent has been a trustworthy and reliable friend through thick and thin such that when he says he will do something, there is no need to wonder whether he will come through. He has proven his steadfast friendship time and again in both big and small ways. And I feel both fortunate and undeserving of his friendship as he has done substantially more for me – through word and deed -- over the years than I have for him. Of course, any worthwhile friendship is not one of score keeping.

Following are some instances that demonstrate Vincent's kind friendship and concern. When my mother was diagnosed with terminal cancer, Vincent made a point of calling me regularly to ask about my mother and how I was doing and if there were anything he could do for me. These calls made a lasting impression on me because although other friends would ask about my mother's health, only Vincent called consistently with the particular purpose of asking about my mother. Furthermore, during this period and especially after my mother's death, he did not allow me to isolate and I spent a great deal of time with him.

When home ill, Vincent has called me, asked what I needed and then delivered groceries and cat supplies to me. When I needed a storage unit, I was able to rent one at the self-storage company he owned; when I was looking for an apartment, he put me in touch with a real estate broker friend of his; and, when moving another time, he arranged movers for me. When I was in the hospital, Vincent was the first to visit, asked what I needed, purchased everything

(clothes, books etc.) I requested and brought them to me. This glimpse into his being belies any notion that he is cold and heartless. As I have already recounted, I have personally experienced Vincent's empathy and concern numerous times.

He has consistently encouraged me to develop healthy habits (diet, exercise) and has not flagged in this encouragement despite my not following through or keeping up with his suggestions.  He even gave me exercise advice again last month, noting correctly that I may not actually do any of it; but that did not stop him from trying to help me.  When I lived in New York City, he would encourage and cajole me to get physical exercise. He invited me to join him at the gym and for walks in Central Park, which I did a few times. He would recommend a few simple exercises I could do daily at home and would follow up with me to encourage or remind me to do them. He would even come down to my neighborhood on foot and invite me out to join him on walks (perhaps, pre-empting any excuse I might have not to get a little exercise).

Since the beginning of the year Vin knows I have been trying to be healthier and lose weight and he has frequently asked me how much weight I have lost, what I am eating, as well as provide tips and recommendation on exercises to do. It says a lot about his character that he should take an interest and evince happiness about a friend's weight loss and healthier eating habits given the stress and severity of his current predicament.

To the outsider Vincent often maintains a reserved demeanor, but the real Vincent his friends and family know is fun-loving, hilarious, highly intelligent and inquisitive, caring and generous. He has a soft touch with young and elderly alike. He is the playful, fun avuncular figure to our friends' children. With the elderly, he shows a concern and respect lost on many of his generation:  helping them cross the street, offering up his seat, helping carry groceries, as cliché as that may sound. Furthermore, Vincent is one of these people who is able to get along with persons of all colors and stripes.

 Vincent loves a great laugh, although he is often the one causing the laughs. He is among the funniest persons I know. And perhaps more importantly he is not above making fun of himself or taking himself too seriously. A corollary to that is that he does not take life too seriously and he maintains a buoyant, positive attitude that has served him well, especially during the past year-and-a-half. Ironically, I have often called Vincent during the past year to get a lift to my spirits or get a bit of encouragement about something. Understandably, Vincent and his family have been under tremendous stress and I know that part of the motivation for Vincent keeping up a positive attitude is for the sake of his mother and two sisters.

That concern is not surprising since what is of utmost value and importance to Vincent has always been family and friends; more so than himself. This may be a surprise to some; not to his many friends or family. Vincent is particularly devoted to his mother. Prior to his arrest, he was in charge of her medical care: taking her to appointments, following up with doctors, getting her scripts filled and so forth. The gentle light-hearted humor and affection displayed between Vincent and his mother is something I have witnessed every time I have been with them.

I know Vincent has pleaded guilty and Your Honor will determine the sentence based upon Your judgment and discretion. I humbly request Your Honor please give consideration to the following points when deciding Vincent's sentence.

The terms of release were stringent and restrictive and came with a steep price, not just financially, but in terms of curtailing several freedoms. These terms remained in effect even after he pleaded guilty. Obviously, it is preferable to be under house arrest, even under stringent conditions, than to be in prison; nonetheless, it is a burdensome penalty. Please recognize this as my opinion as a layperson.

Vincent has told me that he regrets what he did, accepts responsibility and he wishes to put it behind him and move on with his life. He is also deeply hurt by the pain and devastation his actions have caused his family and he never wants to put them through anything like this again. Unfortunately Vincent faces the troubling prospect he may never spend time with his mother again because of her advanced age (almost 85) and health problems.

When I told Vincent I just learned that having a show of support at the sentencing hearing may be helpful and that I plan to be there he told me no because he did not want to put anyone out. He is resigned to the fact that a sentence will be handed down regardless, so why put people through both the burden of attending (some such as myself who would be travelling from out-of-state) but also the stress of being present at the actual time the sentence is read. He especially does not want his mother at the sentencing, both because of her frail health and because it will have a devastatingly emotional impact on her.

Characteristically, Vincent is more concerned about the impact on family and friends than on trying to improve his odds for a lighter sentence by having them present at the sentencing hearing. Thusly, I hope that the outpouring of letters speaking of the positive qualities and impact Vincent has had on people's lives will speak loudly in the courtroom on the day of sentencing. I respectfully implore Your Honor to impose the most lenient sentence possible when sentencing Vincent.

Most Sincerely,

Peter Thayer

# EXHIBIT 35

John Lonuzzi
421 Degraw Street, Apt. 7d
Brooklyn, New York 11217

July 8, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     United States v. Vincent Esposito

Dear Judge Marrero:

I understand that Vincent Esposito will be appearing before you for the purpose of sentencing next week. I most respectfully offer this character reference letter to express my support for Vincent, hoping that Your Honor will consider Vincent's decent nature and good character when imposing a sentence.

I am advised that when submitting a character reference letter, I am supposed to share a bit of information about myself for context. It is only with that in mind that I share the following: I am attorney licensed in the State of New York since 1994. I have a civil litigation practice based in Brooklyn since 1997 – I do not practice any criminal law. I proudly served as President of the Brooklyn Bar Association from 2009-2010, as a two-term member of the New York State Bar Association House of Delegates and, for the past two decades, as a member of the New York City Bar / Brooklyn Bar Joint Judicial Screening Panel.

I have known Vincent for nearly 35 years – virtually my entire adult life. We met as very young men in 1985 – freshmen at New York University. We have been very close friends ever since. Vincent and I have grieved together over the loss of loved ones and have celebrated life accomplishments together. I have come to know and love Vincent as an adopted brother, and I am deeply saddened and dismayed by the situation in which he now finds himself. If someone had told me a few years ago that I would be writing a letter of this nature today on Vincent's behalf, I would have questioned their sanity. That's how surprising and out of character this whole situation seems to me. The man who will appear before Your Honor for sentencing next week is simply not the person I have come to love, respect and admire over three and one half decades. The small slice of Vincent's life that has been displayed before Your Honor in the context of the charges against him in this proceeding is not representative of the Vincent I know and certainly does not define him.

The Vincent I have known for nearly 35 years is a kind, loving and good-hearted man who puts the needs of friends and family before his own. I realize how cliché that sounds, but it is absolutely true. The way in which Vincent cares for his elderly mom and his sisters is touching and inspiring. But his concern for others does not stop at home. I have never had a telephone call or visit with Vincent (even during his pre-trial incarceration) that didn't start with him asking about my family and my well-being. A conversation with Vincent always opens with questions such as: "How is your mom?", "how are your brothers?" or "how is your niece's new baby?"  And these inquiries are not just simple platitudes –

Vincent always follows up with genuine and detailed questions about everyone's health and well-being. Vincent probably knows as much about my soon-to-be 90 year-old mom's health as I do. That's because he genuinely cares and gets involved. That's who Vincent is and who he has always been.

By way of example, a number of years back, when my mom needed knee replacement surgery, Vincent was instrumental in helping us find a surgeon and helping to get an appointment for her. I recall Vincent was there with me on the day of surgery and visited or called every day during my mom's recovery. Years later, when we went through the same process with mom's other knee, it was Vincent once again who was there for us -- helping to care for my mom, as if she were his own family. More recently when my older brother was diagnosed with heart disease and then lung cancer, it was Vincent once again who was by my side during the process of finding the right physicians and getting my brother through several surgeries and recoveries. I never asked Vincent for his help -- he was just always there for me. He never asked or expected anything in return.

Over the past year, while Vincent has been dealing with the consequences of these very serious charges against him, I met with some significant health issues of my own that sidelined me for some time. It would be understandable if Vincent were preoccupied with his own situation, rather than with my health. But that is simply not who Vincent is. True to his nature, Vincent made it a point to reach out to me numerous times over the past year to inquire about my health and well-being. When I would ask about his predicament, he would quickly brush me off and redirect the conversation back to my health. Even under the weight of this prosecution, even while confined in a Federal facility and then at home, Vincent still placed his concern for me before his own troubles. I don't know anyone else who have done this, but that is the Vincent I have always known.

Throughout my higher education and legal career, Vincent has always been a supportive brother. He encouraged me throughout our college years and pushed me to go on to law school. I often tell the story of how it was Vincent who always told me that law school would be a good fit for me. I had never really considered graduate school, let alone something as aspirational as law school, until Vincent suggested it. Years later, I would like to think that Vincent's advice about this profession being a good fit for me was spot-on. I am forever grateful to Vincent for his encouragement and support over the years.

I certainly understand and appreciate the serious nature of the charges against Vincent. I recognize that Vincent will be sentenced and will serve time for his conduct. However, I would hope that Your Honor might take into consideration what I have shared here about Vincent. I know Vincent well and I know that every day he is incarcerated will be especially painful for him. Nothing is more important to Vincent than caring for his mother -- something he will not be able to do until his eventual release. I pray for both of them that day comes sooner rather than later.

Thank you, Your Honor, for considering my letter as you deliberate on the appropriate sentence for Vincent.

Respectfully,

John Lonuzzi

# EXHIBIT 36

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

I am writing this character reference on behalf of Mr. Vincent Esposito. I have worked on East 77th Street for almost 25 years and can speak of Mr. Esposito's calm nature and his care for his community. I am a native Columbian and have a large extended family back home. I try my best to visit yearly and help my family as best as I can.

Every year, Mr. Esposito has donated and helped me collect contributions to send back to my family in my hometown in Columbia. These donations are needed by my friends and relatives. One thing I can always count on is Mr. Esposito's generosity. I have been able to send countless boxes of clothes, shoes and sneakers given to me by Mr. Esposito.

Mr. Esposito has a neighbor who is 70+ years old, is paralyzed, wheelchair bound and cannot speak. This man lives with his wife. I have witnessed Mr. Esposito ring their doorbell in snowstorms and in the dead of summer to see if he can be of assistance to them. I am not sure if they have taken advantage of his offer, but the wife has told me that she is overwhelmed by Mr. Esposito's kindness knowing that he has his own elderly and sick mother to care for.

Another neighbor, Dalva Brothers Gallery, was the victim of a flood because of a water main break directly in front of his building. The gallery is an entire 5 story building filled with priceless art and antiques. Water was rushing everywhere and into the Gallery. I remember Mr. Esposito was the one who got Mr. Dalva's phone number that night to alert him. Mr. Esposito was the only one that offered to help Mr. Dalva and the only one Mr. Dalva trusted in the building. Mr. Esposito helped in saving the expensive artwork from damage.

Not only is Mr. Esposito caring for his neighbors, but I even witnessed him come to the rescue for an injured bird sitting in the middle of the sidewalk. Not only did he move the bird close to a building, he called and waited for ACC to arrive and take the bird away.

He is known on 77th Street for being courteous, generous, and kind; a true gentleman. I believe Mr. Esposito is a good person with a tremendous heart.

Sincerely,

Cesar Castrillon

EXHIBIT 37



HIGHTOWER
AN UNOBSTRUCTED VIEW

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Your Honor,

My name is Emmett Towey, Managing Director/Partner Hightower Advisors
505 5th Avenue New York, New York 10019.

I have known Vincent Esposito since 1983. Vincent and I met in high school
at the Loyola School in Manhattan. I have remained in touch with Vincent
and his sisters in all the years since graduating Loyola in 1987. I have always
known Vincent to be a man of outstanding moral character. The many
instances that I have witnessed Vincent demonstrate his true moral character
include the support of his family and friends in times of painful emotional
loss and distress and at times of great joy. Vincent is loyal to the core.

I currently serve on the board of a non-profit that helps people with ALS live
the best lives they possibly can while suffering with this debilitating and
ultimately deadly disease. Vincent and his sisters have been staunch
supporters of this cause. Vincent has dedicated time to help raise awareness
and raise funds for Project Main St. www.projectmainst.org

I understand that Vincent has been convicted of a crime and is scheduled to
appear before you for sentencing. I would ask that you please consider the
fact that Vincent is a good man. He stands by through thick and thin for his
family and all his friends. He has dedicated much time to causes that help
others in the community including the non-profit I reference above. I humbly
ask you to be lenient in your sentencing of Vincent. He understands he has
done wrong and has taken responsibility for his actions. Vincent is an asset
to his community and we would like Vincent back at the earliest possible
date to continue his good works.

Thank you for the opportunity to speak about my friend Vincent Esposito.

Yours Faithfully,

I. Emmett Towey
*Managing Director, Partner*
Hightower Advisors
TC Wealth Management
(o) +1 917.580.6062
etowey@hightoweradvisors.com

Securities offered through Hightower Securities, LLC Member FINRA/SIPC/MSRB  HighTower Advisors LLC is a SEC registered investment adviser

EXHIBIT 38

Aidan M. McCormack, Esq.
2 Summit Road
Port Washington, NY 11050
516-570-6173

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: U.S. v. Esposito, et al., 18 CR 14 (S.D.N.Y.)

Dear Judge Marrero:

My name is Aidan M. McCormack. I have been a member of the bar of this Court and the bar of the State of New York for over 25 years. I am currently a partner at DLA Piper LLP, but write to you solely in my personal capacity. The purpose of my letter is to request Your Honor's leniency in the sentencing of Vincent Esposito, and it is my hope that this letter provides helpful background to Your Honor for reaching Your decision.

I have known Vincent Esposito since high school. We went to Loyola High School together and became friends. While in more recent years I have do not see Vincent on a regular basis, we do keep in contact. I was very surprised to hear of his arrest. While I accept that he has committed the crimes and has plead guilty, to me over the years Vincent has always been a kind and caring person. During school and thereafter, whenever there was charitable work to be done, Vincent was always there to lend a hand. He is soft spoken, polite and intelligent. In over 35 years of knowing him, I have never seen or heard of him raising his voice or hand in anger. Indeed, quite the opposite. For example, one summer my wife and I traveled overseas with our two little boys. It is fair to say our boys were very "energetic" little toddlers; "A real hand full" as my mother would say. We met up and traveled with Vincent for part of the trip by which point my wife and I were close to losing our minds dealing with the boys. I cannot tell you how much of a blessing Vincent was to us – watching the boys, holding their hands and giving them one fun activity after another (and giving us a really needed break). Most people would have fled from that situation and gone on with their own vacation, but Vincent stepped up and really helped us out when we needed it most. A true friend with a good heart.

It is my understanding that Vincent has been fully cooperative. Due to the Government's concerns that Vincent was a flight risk, he has already served time and in addition been under house arrest. Despite the Government's concerns, however, Vincent has never attempted to evade this court or the authorities in any way. He has instead recognized and plead guilty for his crimes. In addition, I believe you will find him very remorseful. All of this good conduct does not surprise me at all. It is perfectly consistent with his good character.

The Honorable Victor Marrero
May 13, 2019
Page 2

     I respectfully submit to Your Honor that, under the totality of the circumstances, Vincent should be sentenced on the lower and not higher end of the sentencing range. I recognize that Vincent has committed and plead guilty to the charges before Your Honor. But the statutes providing a sentencing range have meaning (which is why there is a range). and give You the discretion to look at the all of the facts and information such as that I provide to you in this letter. Here. Vincent is an unusual case in that he has done and has the potential to do much good. Please recognize that in Your decision on his sentence.

     Thank You for Your considering this submission. I am available to answer any questions You may have.

Respectfully submitted.

Aidan M. McCormack

# EXHIBIT 39

# STONEMANDIA, LLC

## *Attorneys at Law*

May 2, 2019

Hon. Victor Marrero
UNITED STATES DISTRICT JUDGE
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Vincent Esposito

Honorable Judge Marrero:

  I am pleased to have been asked to write this letter of character reference for Vincent. I write this letter understanding that Vincent has pled guilty to a crime and will appear before your Honor for sentencing. I have been a licensed practicing attorney in the state of New Jersey since 1971. My area of law involves representing clients in commercial transaction with an emphasis on matters involving the Division of New Jersey Alcoholic Beverage Control. Vincent has been a client of mine since October of 2007.

  On a professional basis, I represented Vincent in a commercial transaction which involves a commercial rental property in Asbury Park on which a Liquor license is sited. It is important to note that an individual holding or applying for a liquor license in New Jersey must be investigated, fingerprinted and endure an intrusive background check with an emphasis on source of funds. The investigation of Vincent has shown him to be a reputable person, worthy of holding a beneficial interest in a liquor license. As a result of this guilty plea, Vincent must divest himself of this liquor license, a very valuable asset.

  On a personal basis, over the years, Vincent and I have developed a true friendship with most of his legal matters serviced by my office being handled by my associate; Jason Ross, Esq. Jason Ross has also written your Honor a letter attesting to Vincent's good character. I have had the pleasure of meeting Vincent's mom and sister on many occasions as well. I have witnessed the interaction among his family and the genuine caring, loving way they hold each other. I am also able, through the services being performed on his behalf by my law firm, to witness the respectful, thoughtful, fair and measured manner in which Vincent conducts his business when dealing with, at times, contentious issues with Tenants at his Asbury Park property.

  The fact that Vincent has pled guilty to a crime deeply saddens me. I feel for his family as well being aware their close ties and reliance on each other. Knowing Vincent, however, and the quality of his character, it comes as no surprise to me that Vincent is ready to accept responsibility for his actions. Based on my personal observation and relations with Vincent over many years, despite the current case, I remain in his corner and believe Vincent to be an honorable individual and an exceptional human being. I

feel very fortunate that Vincent has chosen my law firm to represent him and that he has chosen me to be a friend. He is a client that truly respects and appreciates the service and effort provided to him. He never neglects to express his gratitude. It is my sincere hope that your Honor will take this letter, together with the letter from my associate, Jason Ross, Esq., into consideration at the time of sentencing.

# StoneMandia, L.L.C.

## Attorneys at Law

RICHARD B. STONE*
FRANK J. MANDIA, JR.

HELEN B. ROSNER
JASON C. MANDIA*

*MEMBER OF NJ AND NY BARS
^MEMBER OF NJ AND FL BARS

685 NEPTUNE BOULEVARD
NEPTUNE, NEW JERSEY 07753

AREA CODE 732
TEL . 774-0800 / 531-4300
FAX    775-7637 / 531-4305

OF COUNSEL
EDWARD R. MCGLYNN*
RICHARD A. NOCKS
JASON MICHAEL ROSS^
ELANA G. TAWIL*

SIDNEY J.MEISTRICH
(1937-1995)

May 1, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 100007

Re: Vincent Esposito

Dear Judge Marrero:

Please accept this letter as my character reference for Vincent Esposito. It is my understanding that Vincent has pleaded guilty to a crime and will appear before Your Honor in the near future for sentencing.

I am an attorney in private practice, and was admitted to the practice of law in the State of New Jersey in 2002, U.S. District Court for the District of New Jersey in 2003, U.S. Court of Appeals for the Third Circuit and U.S. Supreme Court in 2006, and the State of Florida in 2008. I am currently the Managing Member of my own law firm and serve as Of Counsel for the Stone Mandia law firm. I have served in both of these roles for approximately the past six and one-half years. Prior to having both of those roles, I was a Deputy Attorney General for the State of New Jersey for almost ten years after completing a clerkship for the New Jersey Office of Administrative Law. I hold a Bachelor of Science from Rutgers, the State University of New Jersey, a Master of Public Administration from Seton Hall University, and a Juris Doctor from Seton Hall University School of Law. In addition to my work as an attorney and the continuing legal education it involves, I dedicate quite a bit of time to volunteer work with three non-profit organizations, which are the Bradley Beach Fire Department United Engine and Truck Company, BSA Troop 36, and Phi Alpha Delta Law Fraternity, International.

I first met Vincent Esposito on September 26, 2013, in my capacity as Of Counsel with Stone Mandia, LLC when I covered for Frank Mandia, Esq. to represent Vincent at the closing of a transaction. I continued to represent Vincent in related matters over the following five plus years. During this period, I found Vincent to be a respectable and decent person. Generally, there are two examples that come to mind which reflect this. The first was Vincent's extreme understanding, patience, and fairness when dealing with adversaries, who I was representing him against in a civil matter. Specifically, when those adversaries defaulted on agreements in the context of operating a business giving Vincent the right to take back his

interest in that business and remove the operator of the same, Vincent bent over backwards, going above and beyond, to give these individuals a second, third, fourth, and more additional chances of which I lost count before I could convince him to legally remove the operator. The second example was Vincent's genuine concern for me with respect to my well-being. Specifically, there were occasions where I fell ill or had a family issue which may have prevented me from immediately dealing with matters that needed to be addressed. Unlike some other clients that may have not been as understanding with respect to the same, Vincent's concern was actually quite incredible in this regard. So much so, that on a few occasions he sensed that something was not right from the tone of my voice during a conversation, at which point Vincent would direct the conversation in such a way where it was no longer about the work I was doing for him, but rather his caring and concern for me.

I hope that Your Honor will take the above into account at Vincent's sentencing hearing. I thank Your Honor for your consideration.

Respectfully submitted,

Jason Michael Ross, Esq.

page 1 4/22/19

Hon Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

re: Vincent Esposito

Dear Hon. Victor Marrero,

My name is Edward Lucarelle and I live at 200 Winston Drive Apt. 1418 in Cliffside Park N.J. 07010. Vincent Esposito is my second cousin and I have known him since his birth. I am a retired guidance counselor having worked for 38 years at Hackensack High School in Hackensack New Jersey. I had a wonderful and Rewarding career. I am still actively involved with the school system. I started a scholarship called the Hackensack Blue and Gold Scholarship Fund and our goal is to give out $30,000 annually to some deserving senior from the Hackensack school system. I have had many conversations with Vincent, mostly about our mutual family, his grand parents, great grand parents, aunts uncles

Page 2

cousins and his lovely sisters Karen and Lauren. It is nice to see the strong bond of love and devotion they have for one another.

In one particular conversation I had with Vincent we were discussing areas of career choices. He told me that he once considered becoming a doctor, one dealing with infectious diseases. I told him it is never too late. I told him I was a medic during the Korean War and also considered becoming a doctor.

Vincent is a graduate of Loyola High School and New York University. He is intelligent, sensitive, humble and compassionate and very witty. I like Vincent and I enjoy being in his company. He treats me with respect and always makes me feel good about myself.

I have counselled thousands of young people and I feel I am a good judge of one's character.

Sincerely,

5/ * / 19

to whom it may concern,
my name is Angela Taccard
I am a cousin to Vincent Esposito
I am 85 years old and I have
been in the family since I was
18 years old. As the years passed
I saw Vincent growing up like a
I know that he was very quiet
and polite. I have to say he hasn't
changed much. When I am in his
company at a family gathering. he is
so respectful, always getting me anything
I want, making sure I have a comfortable
chair. He makes me feel like he is
one of my children.
   I know that Vincent was convicted of a
crime but I also know that he is sorry
and would not do it again if he
had the chance to do it over again.
he is a good man with a bright future.
He loves his family very much. very close

Page 2

be his mother who loves him dearly.

My son is a very respectable business man
with multiple properties and State
licenses. He would never jeopardize his
reputation or his family if Vincent was
doing anything unlawful.

Vincent is the only male figure in
his family. He also helps others in the
family who are not capable of doing
so.

His family means the world to him.

Please be lenient when sentencing
Vincent he is very much loved by
all who know him

Sincerely
Angie Oceaso

Jack Martinez Kearns
3900 Orloff Avenue
Bronx, NY 10463

June 20, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Honorable Victor Marrero,

My name is Jack Martinez Kearns. I am a retired policer officer and worked on the force
for 20 years. I have been part of the detail that is responsible for Mr. Esposito's security
as part of his home confinement. I have been working in this capacity since April 2018,
approximately 14 months to date.

My interactions with Mr. Esposito, during this tenure, have been void of any issues. On
one trip to his attorney, he was crossing the street and an elderly woman fell in the
middle of the street. He ran to her aid and asked for someone to call 911. He helped her
to the curb so she was out of harms way. I was impressed by his quick response and
concern for this elderly woman.

Mr. Esposito seems to be held in high regard with all of his neighbors whom I have met
while being posted outside his residence.

Mr. Esposito has been compliant, cordial and respectful with me.

Sincerely,

Jack Martinez Kearns

Marie Salanardi
21 Spring Street
New York, NY 10013

June 10, 2019

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

My name is Marie Salanardi. I am 73 years old and I am Vincent Esposito's cousin. I am writing to you to shed some light on the person in front of you for sentencing and to give you some background regarding my hard and ever challenging life.

In 1976, at the age of 30, I was married and had two children. That is when my nightmare started. I was struck with a massive cerebral occlusion of the left middle artery. Basically a stroke which left me totally speechless and immobile. I had to learn how to walk again which thankfully I have. Unfortunately, most of my speech never returned. I was fortunate enough to have a cousin, named Olympia, who is Vincent's mother. Olympia dedicated an endless amount of time finding and taking me to the best available speech therapists and rehabilitation centers possible. Olympia also worked with me at her home, helping me with my speech therapy while raising three young children. Embarrassingly my immediate family, husband and children, abandoned me. Without the care and dedication of Vincent's mother, there is a good chance I would not be here today. The reason I feel it's important to share this with you is because Vincent's mother has taught her children to be the same way- caring, loving and dedicated adults.

I have not seen Vincent since December 2017, Christmas time. Vincent has always made every holiday special for me. He is really the only male figure in my life as well as in his mother's life. Christmas time he always delivers a ham to me, which I share with others less fortunate like myself who live in a government subsidized building on the lower east side. He brings me lamb on Easter and turkey on Thanksgiving all accompanied by the most delicious desserts that I also share with my neighbors. Vincent checks up on me often, just to make sure I am OK. He is the one person I can count on. He is a constant. He keeps any family tradition that I have left, alive. I would say it is a domino effect. Vincent's mother started it, Vincent continues it, and me and my neighbors depend and look forward to it. I miss Vincent dearly.

I ask Your Honor to please be as lenient as possible when sentencing Vincent. He is a special person to me and so many others. He has a kind heart and is sorely missed.

Respectfully,

Marie Salanardi

Marie Salanardi
*(please note my neighbor helped me write and type this letter)*

# STONEMANDIA, L.L.C.
## *Attorneys at Law*

RICHARD B. STONE*
FRANK J. MANDIA, JR.

HELEN B. ROSNER
JASON C. MANDIA*

*MEMBER OF NJ AND NY BARS
^MEMBER OF NJ AND FL BARS

685 NEPTUNE BOULEVARD
NEPTUNE, NEW JERSEY 07753

AREA CODE 732
TEL  774-0800/ 531-4300
FAX  775-7637/ 531-4305

OF COUNSEL
EDWARD R. MCGLYNN*
RICHARD A. NOCKS
JASON MICHAEL ROSS^
ELANA G. TAWIL*

SIDNEY J.MEISTRICH
(1937-1995)

May 1, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 100007

Re: Vincent Esposito

Dear Judge Marrero:

Please accept this letter as my character reference for Vincent Esposito. It is my understanding that Vincent has pleaded guilty to a crime and will appear before Your Honor in the near future for sentencing.

I am an attorney in private practice, and was admitted to the practice of law in the State of New Jersey in 2002, U.S. District Court for the District of New Jersey in 2003, U.S. Court of Appeals for the Third Circuit and U.S. Supreme Court in 2006, and the State of Florida in 2008. I am currently the Managing Member of my own law firm and serve as Of Counsel for the Stone Mandia law firm. I have served in both of these roles for approximately the past six and one-half years. Prior to having both of those roles, I was a Deputy Attorney General for the State of New Jersey for almost ten years after completing a clerkship for the New Jersey Office of Administrative Law. I hold a Bachelor of Science from Rutgers, the State University of New Jersey, a Master of Public Administration from Seton Hall University, and a Juris Doctor from Seton Hall University School of Law. In addition to my work as an attorney and the continuing legal education it involves, I dedicate quite a bit of time to volunteer work with three non-profit organizations, which are the Bradley Beach Fire Department United Engine and Truck Company, BSA Troop 36, and Phi Alpha Delta Law Fraternity, International.

I first met Vincent Esposito on September 26, 2013, in my capacity as Of Counsel with Stone Mandia, LLC when I covered for Frank Mandia, Esq. to represent Vincent at the closing of a transaction. I continued to represent Vincent in related matters over the following five plus years. During this period, I found Vincent to be a respectable and decent person. Generally, there are two examples that come to mind which reflect this. The first was Vincent's extreme understanding, patience, and fairness when dealing with adversaries, who I was representing him against in a civil matter. Specifically, when those adversaries defaulted on agreements in the context of operating a business giving Vincent the right to take back his

interest in that business and remove the operator of the same, Vincent bent over backwards, going above and beyond, to give these individuals a second, third, fourth, and more additional chances of which I lost count before I could convince him to legally remove the operator. The second example was Vincent's genuine concern for me with respect to my well-being. Specifically, there were occasions where I fell ill or had a family issue which may have prevented me from immediately dealing with matters that needed to be addressed. Unlike some other clients that may have not been as understanding with respect to the same, Vincent's concern was actually quite incredible in this regard. So much so, that on a few occasions he sensed that something was not right from the tone of my voice during a conversation, at which point Vincent would direct the conversation in such a way where it was no longer about the work I was doing for him, but rather his caring and concern for me.

I hope that Your Honor will take the above into account at Vincent's sentencing hearing. I thank Your Honor for your consideration.

Respectfully submitted,

Jason Michael Ross, Esq.

Samuel Mendez
12 B Edgewater Park
Bronx, NY 10465

May 1, 2019

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Marrero,

My name is Sam Mendez and I am 55 years old and a single father of a 27 year old daughter. My profession is a doorman and I have worked on East 77th street since 2007. I live with a roommate in an apartment in the Bronx.

I was introduced to the Esposito Family, by David Sautoff, the super intendant of the building I've worked at. Dave has since retired, but Dave worked for over twenty years in the building and he told me the Esposito's are good people.

Most of the tenants in the building where I work and the neighbors on the block are not friendly and look down on me, but Vincent and his family are different. I am just here to do a job, but I've been taught it's nice to be nice, and in my opinion Vincent is a nice and kind person and treats me as an equal. Whenever I work on a holiday, Vincent would deliver a full meal to me, including dessert. Something as common as "Have a good day" or "Get home safe" are genuine statements that Vincent has said to me, and that shows me that he is caring and thoughtful.

Vincent is an exceptional son. I have never seen his elderly mother out of the house by herself. On most occasions they walk arm in arm, as she holds a cane in her other hand. At times, when there are no parking spots on the block, I have helped his mom out of the car and onto the sidewalk and Vincent is very appreciative of this small gesture.

Many years ago, at Christmas time, Vincent had the city tree, outside of his home decorated with LED balls and lights. This one tree lit up the entire block and passerby's would take pictures and comment on how nice it looked. It added a festive feel to the block. Even tenants in the building, where I work, commented on how nice it was. This has happened yearly, except in 2018.

In the last year, the rare occasions when I have seen Vincent, he continues to wave to me, ask how I am, and gives me a thumbs up. I hope this letter shows your Honor a glimpse of the man who I have known for twelve years and hope you will be lenient when sentencing him.

Samuel Mendez